BUTTERICK CO. v. UNITED STATES.

FEDERAL PUB. CO. v. SAME.

(District Court, S. D. New York. March 5, 1917.)

1. INTERNAL REVENUE ☞9—EXCISE TAXES—STATUTE.

Corporation Excise Tax Act Aug. 5, 1909, c. 6, 38 Stat. 11, 112, which embraced no tax upon dividends received by corporations from stock of other corporations, subject to the tax, was repealed by Income Tax Act Oct. 3, 1913, c. 16, 38 Stat. 114, 166, which contained a proviso that the repeal of existing laws or modifications thereof embraced in the act should not affect any act done or right accruing, or any suit or proceeding had or commenced, in any civil case before such repeal or modification, but all rights and liabilities under such laws should continue and might be enforced in the same manner as if such repeal or modification had not been

made. *Held*, that such saving clause was intended to relate only to rights and liabilities in respect to taxes which had accrued under the act of 1909, and was not intended to cover excise taxes upon corporations for the months of January and February, 1913, which were imposed by the Income Tax Act, as the constitutional amendment of March 1, 1913, designed to permit taxation of incomes without apportionment was not adopted until March 1st; this being apparent from the provision in that act that excise taxes for two months shall be ascertained in accordance with the provisions of section 2g. Consequently exemptions in the Corporation Excise Tax Act are not applicable to taxes imposed for those two months.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28.]

2. INTERNAL REVENUE ☞9—CORPORATION TAXES—FRANCHISE.
   A corporation, which merely held the stock of other corporations and, by issuance of proxies to vote at the meetings of the subsidiary companies, directed such corporations, is not exercising any franchise on which excise taxes may be assessed, under Income Tax Act 1913, for the months of January and February of that year, prior to the ratification of the income tax amendment to the Constitution of the United States; this being so, though the holding corporation made a loan to its subsidiary company.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28.]

At Law. Actions by the Butterick Company and by the Federal Publishing Company against the United States. Judgments for plaintiffs.

Noble, Estabrook & McHarg, of New York City (Herbert Noble, of New York City, of counsel), for plaintiffs.

H. Snowden Marshall, U. S. Atty., and Ben A. Matthews, Asst. U. S. Atty., both of New York City.

AUGUSTUS N. HAND, District Judge. These actions are brought under Tucker Act March 3, 1887, c. 359, 24 Stat. 505, to recover excise taxes paid under protest. The plaintiff in each case was a holding company, which did nothing more than receive and distribute income derived from dividends paid by subsidiary operating companies engaged in the publication of magazines. These plaintiffs necessarily held corporate meetings of the stockholders and directors, and issued proxies to vote the stock of the operating companies. The Butterick Company also has indorsed notes of a subsidiary company to promote the successful operation of the latter.

[1] The Corporation Excise Tax Act of 1909 (Act Aug. 5, 1909, c. 6, 36 Stat. 11, 112) was succeeded by the Income Tax Act of 1913 (Act Oct. 3, 1913, c. 16, 38 Stat. 114, 166), which followed the constitutional amendment of March 1, 1913 (article 16), designed to permit taxation of incomes without apportionment which had been held unconstitutional in the case of Pollock v. Farmers' Loan & Trust Company, 157 U. S. 429, 15 Sup. Ct. 673, 39 L. Ed. 759. In order to avoid taxing incomes under the act of 1913 prior to the date of the adoption of the constitutional amendment, that act provided for an excise tax on corporations for the months of January and February, 1913, measured by a percentage of the amount of net income during those months, and for a tax on incomes as such after March 1, 1913.

The Corporation Excise Tax Act of 1909 imposed no tax upon dividends received by corporations from stock of other corporations subject to the corporation excise tax, and while this act was repealed by the Income Tax Act of October 3, 1913, the latter act contained the proviso that:

"The repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil case before the said repeal or modification; but all rights and liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made." 38 Stat. 202.

I am inclined to think that the foregoing saving clause was intended to relate only to rights and liabilities in respect to taxes which had accrued under the act of 1909 and that it was not intended to cover excise taxes upon corporations for the two months of January and February, 1913. The act of 1913 must be regarded as entirely supplanting the former act as to all taxes which the act of 1913 imposes. Consequently excise taxes for the first two months of 1913 were a new tax, subject only to such exemptions or limitations as might be found in the later act. This seems clear from the provision in the act of 1913 that the excise tax for those two months was to be "ascertained in accordance with the provisions of subsection 'G' of section 2 of this act." In that section Congress made no provision for the exemption of dividends upon the stock of other corporations which had paid a tax. This being the case the taxes for these two months while measured by the income of corporations accruing therein must be paid without regard to exemptions in the former act.

[2] Whether the Butterick Company and the Federal Publishing Company were liable to a tax for the months of January and February, 1913, depends, therefore, not on any exemption in the act of 1909, but purely on whether these plaintiffs were exercising any franchise during those months other than that of simply being corporations (a franchise which was not under the decisions taxable as an excise). Mr. Justice Day said in the case of Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, when speaking of this excise tax:

" * * * The tax is imposed not upon the franchises of the corporation irrespective of their use in business, nor upon the property of the corporation, but upon the doing of corporate * * * business and with respect to the carrying on thereof. * * *"

The plaintiffs here paid the taxes for the months of January and February under protest and seek to recover them in these actions. The government contends that the direction of the management of the subsidiary companies by the holding companies was a doing of business which subjected the holding companies to an excise tax. This direction was accomplished only by the control of the subsidiary companies through stock ownership. Of course, proxies had to be issued to vote at the meetings of the operating companies, and the directors of the latter were chosen by the owners of the stock. No holding company can exist without a corporate activity involved in the exercise of such con-

trol through its stock ownership in the operating company, but such corporate activity is not, under the authority of United States v. Nipissing Mines Co., 206 Fed. 431, the exercise of a franchise which is subject to an excise tax.

The indorsement by the Butterick Company of the notes of its subsidiary company was the only fact which is to be added to the facts before the court in the case of United States v. Nipissing Mines Co., supra, which was decided by the Circuit Court of this Circuit; but this is not sufficient to differentiate that case from the action by the Butterick Company here under consideration. The indorsement was, if anything, less than a loan by the holding company, and I can hardly believe that a loan by a holding company to its subsidiary, without further direct participation in the activities of the latter, would render the holding company subject to the excise tax. The Minehill Railway Company showed greater corporate activity than this in the case of McCoach v. Minehill Railway Co., 228 U. S. 295, 33 Sup. Ct. 419, 57 L. Ed. 842. There the company did more than receive payments from another company, for it maintained an office force at large expense and invested its funds and collected income from such investments; yet it was held by a majority of the Supreme Court not to be subject to an excise tax. See, also, Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428; United States v. Emery, etc., 237 U. S. 28, 35 Sup. Ct. 499, 59 L. Ed. 825.

It is urged on behalf of the government that the Butterick Company, as well as the Federal Publishing Company, through stock ownership, direct and control various competing companies. The record shows that only the operating companies have office staffs and pay salaries. That each of the plaintiffs has more than one subsidiary company, and that such subsidiary companies might be in competition, if they were not owned by the same interests, does not show that the holding companies in their respective corporate activities differ from holding companies which have but one subsidiary operating company. In other words, the cases seem to fall within the doctrine of United States v. Nipissing Mines Co., supra.

Mr. Justice Day, in the case of Von Baumbach v. Sargent Land Company, 242 U. S. 503, 37 Sup. Ct. 201, 61 L. Ed. ——, decided January 15, 1917, enunciated the rule applicable to such cases as those under consideration:

"The fair test to be derived from a consideration of all of them is between a corporation which has reduced its activities to the owning and holding of property and the distribution of its avails and doing only the acts necessary to continue that status, and one which is still active and is maintaining its organization for the purpose of continued efforts in the pursuit of profit and gain and such activities as are essential to those purposes:"

Under the foregoing definition, I do not think the plaintiffs can be regarded as engaged in business in a way which would subject either of them to an excise tax.

The plaintiffs should have judgment in each case for the amounts for which action has been brought.