## THREE FORKS COAL CO. v. UNITED STATES.

(District Court, W. D. Pennsylvania. October 29, 1925.)

No. 3106.

**1. Internal revenue ⊚⇒9—No particular amount of business is prerequisite to liability for capital stock tax, though holding company not liable.**

To make corporation liable for capital stock tax, under Revenue Act 1918, § 1000 (Comp. St. Ann. Supp. 1919, § 5980n), no particular amount of doing business or profits earned is required, though holding company, performing only such acts as are incidental to maintaining its corporate existence, is not liable for tax.

**2. Internal revenue ⊚⇒9—Corporation held not to have been "doing business," as affecting liability for capital stock tax.**

Mining corporation, incidentally authorized to hold stock of similar corporation, whose activities for several years were not for purposes of profit, but were limited to purchases of stock of particular corporation, payment of taxes, interest, and part of principal on indebtedness, and the purchase of two-ninths of a

share of its own stock to complete the share, *held* not "doing business" during such period, as affecting liability for capital stock tax under Revenue Act 1918, § 1000 (Comp. St. Ann. Supp. 1919, § 5980n), though assumed to have been organized only as a holding company.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

**3. Pleading ⬤⟳160—Pennsylvania rule, as to pleading over after determination of issues arising under affidavit of defense, stated.**

Under Pennsylvania practice, in actions of assumpsit, court may allow defendant to plead over after questions of law raised by its affidavit of defense have been adversely decided.

At Law. Action by the Three Forks Coal Company against the United States. Decree for plaintiff.

Horace F. Baker and Harry S. Dunmire, both of Pittsburgh, Pa., for plaintiff.

Walter Lyon, U. S. Atty., and Warren H. Van Kirk, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., and A. W. Gregg, Solicitor of Int. Rev., and A. J. Ward, Sp. Atty., Bureau of Int. Rev., both of Washington, D. C., for the United States.

GIBSON, District Judge. The Three Forks Coal Company has filed its petition in this court, wherein it seeks a judgment or decree for the return, with interest, of $643 paid to the collector of internal revenue at Cleveland, Ohio, as a special excise tax with respect to carrying on or doing business, as a corporation, for the taxable period ending June 30, 1920, and a like tax of $718 paid to the collector of internal revenue at Pittsburgh, Pa., for the taxable period ending June 30, 1921. In filing its said petition, the claimant has appealed to that part of the jurisdiction of this court concurrent with the Court of Claims, and has followed the practice prescribed by the Act of March 3, 1887 (24 Stat. 505), commonly known as the Tucker Act, and its amendments. The United States attorney has treated the petition as a statement of claim, and pursuant to Pennsylvania practice, when the legal sufficiency of a statement is questioned, has filed an affidavit of defense, raising questions of law. This affidavit of defense is in substance and effect a demurrer to the petition, and we have treated it as such.

The taxes which the Three Forks Coal Company seeks to recover were collected pursuant to the provisions of the Revenue Act of 1918, title 10, § 1000 (Comp. St. Ann. Supp. 1919, § 5980n), the pertinent provisions of which are as follows:

"Sec. 1000 (a) That on and after July 1, 1918, in lieu of the tax imposed by the first subdivision of section 407 of the Revenue Act of 1916—

"1. Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000. In estimating the value of capital stock the surplus and undivided profits shall be included;

\* \* \* \* \* \* \*

"2. (c) The taxes imposed by this section shall not apply in any year to any corporation which was not engaged in business (or, in the case of a foreign corporation, not engaged in business in the United States) during the preceding year ending June 30, nor to any corporation enumerated in section 231."

The petition sets forth all the acts of the claimant during the periods for which tax was collected and alleges that the payment of said sums of $643 and $718 were made through mistake, as the company, during said periods, had not engaged in business in the manner contemplated by that portion of section 1000 of the act of 1918, quoted supra. The demurrer of the United States attorney, on behalf of the United States, alleges that the activities of the Three Forks Coal Company, as set forth in paragraphs 7 and 8 of the petition, constitute a carrying on or doing business within the meaning of section 1000, title 10, of the Revenue Act of 1918, by reason whereof the plaintiff (petitioner) became liable for the tax alleged, in the complaint, to have been illegally and erroneously assessed and collected, the recovery of which is sought in the instant action.

The petition, in substance, alleges that the Three Forks Coal Company was organized as a corporation in June, 1917, under the laws of Ohio, with its principal office located in the city of Cleveland. By the articles of incorporation the purposes of the incorporation are the mining and manufacturing and dealing in any and all kinds of ores, minerals, and metals, and acquiring and selling real estate and personal property in the said state of Ohio and elsewhere necessary for the better transaction of the business of the said company and to insure or aid in the carrying out of the general powers of the company. Under the laws of the state of Ohio petitioner is allowed to hold the stock of other corporations organized for the same or similar purposes. Petitioner has never

mined, manufactured, or dealt in ores, as contemplated by its articles of incorporation, but has only exercised its incidental power of holding stock. The stock held by it has been confined to that of one company, the Short Creek Coal Company, an Ohio corporation engaged in mining.

Prior to June 30, 1918, the Three Forks Coal Company offered to exchange its stock for the stock of the Short Creek Coal Company. The Short Creek Coal Company had issued 6,000 shares of its common stock, and of this amount all the holders thereof, except the holders of 2,121 shares, accepted the offer of the Three Forks Coal Company, prior to June 30, 1918, and received, in return for their shares, the stock of the petitioning company. Prior to June 30, 1918, the petitioner purchased 2,121 shares of the common stock of the Short Creek Coal Company. On June 30, 1919, 5,725 shares of the total 6,000 shares of common stock of the Short Creek Coal Company were held by the Three Forks Coal Company. Between July 1, 1919, and June 30, 1920, in exchange for its own stock, petitioner acquired 120 shares of the Short Creek Coal Company, and between July 1, 1920, and June 30, 1921, it acquired 77 additional shares. Between July 1, 1919, and June 30, 1920, petitioner completed ownership of one share of stock of the Short Creek Coal Company. in May, 1920, by buying in an outstanding two-ninths of a share to make the share even, paid interest on indebtedness incurred prior to July 1, 1918, paid taxes, and borrowed money for the purposes named and to maintain its corporate existence. Between July 1, 1920, and June 30, 1921, it sold 819 shares of Short Creek Coal Company stock to obtain money to pay interest on and reduce indebtedness incurred prior to July 1, 1918, and maintained its corporate existence, paid taxes, interest on, and part of principal of indebtedness incurred prior to July 1, 1918. As stated before, the activities recited comprise all the acts of the petitioning company during the periods for which tax was paid.

Within a period of four years from the time of the payment of the taxes now sought to be recovered, the petitioner filed claims for refund of the amounts of said taxes, which claims the Commissioner of Internal Revenue finally rejected on June 24, 1924. We are required to determine whether or not the acts of the Three Forks Coal Company between July 1, 1919, and June 30, 1921, constitute the "carrying on or doing business" contemplated by section 1000 of the Revenue Act of 1918. In passing upon this matter we

have the benefit of a number of decisions of the Supreme Court of the United States. These decisions were rendered upon the Corporation Excise Tax Act of August 5, 1909 (36 Stat. 112), section 38 of which imposed a "special excise tax with respect to the carrying on or doing business" by a corporation. The clause before the Supreme Court for construction is practically identical with the portion of the act of 1918 which is before us in the present matter.

A number of cases have been cited to us by counsel. A concise summary of them is found in an excerpt from the opinion of Mr. Justice Day in Von Baumbach v. Sargent Land Co., 242 U. S. 503, 516, 37 S. Ct. 201, 204 (61 L. Ed. 460), viz.: "It is evident, from what this court has said in dealing with the former cases, that the decision in each instance must depend upon the particular facts before the court. The fair test to be derived from a consideration of all of them is between a corporation which has reduced its activities to the owning and holding of property and the distribution of its avails and doing only the acts necessary to continue that status, and one which is still active and is maintaining its organization for the purpose of continued efforts in the pursuit of profit and gain and such activities as are essential to those purposes."

[1] In Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, the Supreme Court has defined "business" as "that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." This definition has been approved in the opinion in Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460. Our inquiry, then, is not merely whether the Three Forks Coal Company has maintained a corporate existence during the periods for which tax was paid, but is whether it has functioned for the purpose of profit. If any of its operations were for gain, the tax was lawfully exacted from it, because no particular amount of business or profit is required in order to bring it within the provisions of the act of 1918, supra. On the other hand, if it acted merely as a holding company, performing only such acts as were incidental to maintaining its corporate existence, it was not subject to the capital stock tax. McCoach v. Minehill R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842; United States v. Emery-Bird-Thayer Realty Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825; Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460. The thought underlying

the cases cited, and a number of others not mentioned, is that two corporations are not to be taxed under the act of Congress, when but one business is carried on.

[2] An examination of the petition herein leads us to the belief that the only profit possible was through the operations of the subsidiary, the Short Creek Coal Company, which has paid a capital stock tax for the same period for which petitioner paid the tax it now seeks to recover. Acts quite similar to the acts of the Three Forks Coal Company, as set forth in its petition and admitted to be true by the demurrer filed, have each more than once been held to be incidental to corporate existence, and not for profit.

Issuing its stock for cash or in exchange for stock is not "doing business." United States v. Emery-Bird-Thayer Realty Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825; Chile Copper Co. v. Edwards (D. C.) 294 F. 581. It will be noted that the petitioner was not chartered to buy and sell stocks, among its other powers, but to mine, etc., coal, differing in its facts, in this respect, from Von Baumbach v. Sargent Land Co., supra.

Paying taxes, interest on indebtedness, or part of the indebtedness, or borrowing money for the purpose, is not such "doing business." McCoach v. Minehill R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842; State Line & S. R. Co. v. Davis (D. C.) 228 F. 246; Jasper & E. Ry. Co. v. Walker, 238 F. 533, 151 C. C. A. 469.

The purchase of two-ninths of a share of its own stock, to complete the share, was not for profit. It was a single, isolated act, and as such is insufficient to constitute "doing business." Lewellyn v. Pittsburgh, B. & L. E. R. Co., 222 F. 177, 137 C. C. A. 617.

It has been argued that the Three Forks Coal Company, although ostensibly authorized by its charter to mine coal, etc., was actually organized for the sole purpose of acquiring and holding the stock of its subsidiary company, and that under such circumstances it was functioning in accordance with the plans of its organization, and should therefore pay the tax for doing business. That the purpose of the organization of the company was as stated does not appear in the petition, and is therefore a mere assumption. Even if it were assumed that the company had been organized to exist only as a holding company, the conclusion that it is therefore subject to tax, does not follow. In Chile Copper Co. v. Edwards, supra, the plaintiff company was organized as a holding company and to finance its subsidiary, and yet was held not subject to the corporation tax. See,

also, Butterick Co. v. United States (D. C.) 240 F. 539 (writ of error dismissed 248 U. S. 587, 39 S. Ct. 5, 63 L. Ed. 434); United States v. Nipissing Mines Co., 206 F. 431, 124 C. C. A. 313.

[3] The petition, as we think, portrays the Three Forks Coal Company as nothing other than a holding company, and as such it is not subject to the tax collected from it. We are required by the facts pleaded to overrule the demurrer of the defendant. Under the Pennsylvania practice in actions of assumpsit, the court may allow a defendant to plead over after the issues of its affidavit of defense raising questions of law have been decided against him. It is somewhat doubtful if the practice in actions of assumpsit is applicable to the instant matter.

We are not required to remove or confirm the doubt, however, as it was admitted upon argument that the essential facts were fully set forth by the petition, and we shall therefore order judgment to be entered in favor of the petitioner.