14 U.S. 85
 1 Wheat. 85
 4 L.Ed. 42
 ANDERSON
v.
LONGDEN.
 February Term, 1816
 
 1
 ERROR from the circuit court for the county of Alexandria.
 
 
 2
 This was an action of debt instituted by the defendants in error, (plaintiffs in the circuit court,) as directors of the Domestic Manufacture Company of Alexandria, against Robert Anderson, (the plaintiff in error,) on a bond given by him and others as sureties for John Mac Leod, agent of the said company, to the said directors, to recover the amount of money and merchandise which the said agent had received for the use of the company, and for which he had failed to account.
 
 
 3
 On the 17th of November, 1809, a number of persons in Alexandria associated together, and formed a company, for the purpose of encouraging the manufacture and use of domestic merchandise; they entered into articles for their government, of which the following extracts are all that are material in this case:
 
 
 4
 'Art. 2. As soon as the whole, or 1,000 shares of the said capital stock, shall have been subscribed for, and the first payment made thereon, a meeting of the stockholders shall be called by public notice in the Alexandria and Washington newspapers, to meet in the court house of Alexandria, either in person or by proxy duly authorized, at which meeting the stockholder, either personally or by proxy, shall elect by ballot seven of their own body to act as directors of the said company for one year.'
 
 
 5
 'Art. 3. The affairs of the said company shall be carried on in the town of Alexandria, under the superintendance and control of the said directors, of whom any four shall form a board or quorum. They shall choose a chairman from among themselves, and in case of vacancy by death, resignation, or otherwise, such vacancy shall be immediately filled by themselves from among the stockholders. And the said directors shall in no case whatever contract debts or engagements, by bill, bond, or otherwise, for, or on account of, the company, but all dealings under their superintendance and control aforesaid, shall be for cash or barter, except goods on deposite, which may be sold by the direction of the consignor. The said directors shall also exhibit, at the annual meeting of stockholders, for their inspection, a statement of the affairs of the company for the year preceding.'
 
 
 6
 'Art. 4. The directors, when elected, shall proceed, without delay, to appoint an agent and such other officers as may be requisite, all of whom shall hold their offices during the pleasure of the board, and who shall, before they enter upon their functions, give bond, with sufficient security, to the said directors, and their successors in office, for the faitnful dishcarge of their duties, as prescribed by the board of directors.'
 
 
 7
 The company having proceeded to elect directors, John Mac Leod was appointed agent by them; and on the 13th of February, 1810, the said agent, with the plaintiff in error and others, his sureties, executed and delivered to the defendants in error, directors of the said company, their joint and several bond, in the penalty of 10,000 dollars, the condition of which was, 'that the said John Mac Leod should, in all respects, faithfully execute and perform the duties assigned to him as agent, according to the terms and meaning of the articles of association, and also such other duties as are, or from time to time should be, assigned to the office of agent by the board of directors, and should, from time to time, when called upon, render a just and true account of all money, goods, &c. of the said company which should come to his hands, and should apply the same as he should be directed; and should, in all respects, whilst he held the office, conduct himself with honesty, and fidelity, and attention to the interest of the company.' The said agent continued in the service of the company, without any new appointment, until June, 1812, when he was dismissed; and having gone out in arrears to the company, this suit was brought against the plaintiff in error, to recover the amount due to the company. To this suit the defendant in the circuit court, taking oyer of the bond, pleaded, 1st. 'Conditions performed;' to which the plaintiff replied, specially setting forth, as the breaches relied on, 'that money and merchandise, the property of the company, had come to the hands of J. Mac Leod, as agent, &c., to the amount of 4,000 dollars, for which he had failed to account, though required by the directors, and which he did not deliver over to his successor, as ordered by the directors. On this replication issue was taken. The defendant in the circuit court pleaded, 2dly. That the plaintiffs (Longden and others) ceased to be directors at the expiration of one year from the time of their appointment, and were not directors when the suit was brought: to this plea the plaintiffs demurred generally.
 
 
 8
 In his third plea the defendant states that John Mac Leod was appointed agent on the 13th of February, 1810; and that for one year from the time of such appointment, and during the time the plaintiffs acted as directors, he had faithfully executed and performed his duty, &c.
 
 
 9
 To which the plaintiffs (protesting that he had not faithfully performed his duties for one year) replied that J. Mac Leod had continued in office for more than one year from the 13th of February, 1810, under the said appointment, and after the plaintiffs ceased to be directors; during which time merchandise, & c., to the amount of 4,000 dollars, came to his hands, &c., which he had failed to account for; to which the defendant demurred.
 
 
 10
 The defendant pleaded, 4thly, that the plaintiff had not instituted any suit at law against Mac Leod for the breach of the condition of the bond; to which the plaintiff demurred generally.
 
 
 11
 The law on the demurrers was adjudged by the court for the plaintiffs, (Longden and others,) and on the trial of the issue the jury found for the plaintiff, and assessed damages, &c.
 
 
 12
 The record presents a bill of exceptions, which states that the defendant offered in evidence to the jury the books of the company, from which appeared that the agent had been in the habit of selling merchandise on credit, from the month of January, 1810, until June, 1812; which books were open to the examination of the directors; that it appeared from the books that sales on credit had been made to three of the directors, plaintiffs in this suit; that the defendant also offered a copy of the report of a committee of directors made on the 19th of September, 1812, in pursuance of an order of the 6th of June, preceding.
 
 
 13
 Evidence was also offered to prove that the directors, to the number required by the articles, held meetings, at which they gave directions for the management of the affairs of the company; that their proceedings were regularly reduced to writing, and signed by the chairman.
 
 
 14
 On which evidence the defendant's counsel moved the court to instruct the jury, 'that if from the evidence aforesaid they should be of opinion that the directors of the company had permitted the said credits to be given, and had acquiesced in the same, the defendant would not be liable for the merchandise sold on credit, and appearing on the books of the company;' which instruction the court refused, and instructed the jury, 'that the evidence did not, in law, justify an inference that the directors, acting as a board under the articles, had authorized the agent to sell the merchandise aforesaid, on credit, and that the agent could not, in law, be justified in selling on credit by any direction of the directors, individually made, when not acting as a board under the articles;' to which opinion and instruction the counsel for defendant excepted.
 
 
 15
 Swann, for the plaintiff in error, argued, that the bond must conform to the articles of association, which was not incorporated. He cited the case of the Commonwealth v. Fairfax et al., where the words 'so long as he shall continue in office,' in the condition of a sheriff's bond, were construed not to extend to a second and new appointment.
 
 
 16
 Lee, for the defendant in error, was stopped by the court.
 
 
 17
 MARSHALL, Ch. J.
 
 
 18
 The case of the sheriff's bond is very different. The commission of sheriff, in Virginia, is annual; of course, his sureties are bound for one year only. It is true, the directors of this company are elected annually; but the company has not said that the agent shall be for one year only: his appointment is during pleasure. The sureties do not become sureties in consequence of their confidence in the directors, but of their confidence in the agent whose sureties they are. The court is unanimously of the opinion that the judgment of the circuit court ought to be affirmed.
 
 
 19
 Judgment affirmed.