**FRYE & CO. v. VIERHUS and five other cases.**

Nos. 561, 562, 565–568.

District Court, W. D. Washington, S. D. Nov. 2, 1935.

598

Eggerman & Rosling, of Seattle, Wash., for plaintiff Frye & Co.

K. I. Ghormley, of Seattle, Wash., for complainant Albers Bros. Milling Co.

Almon Ray Smith and Charles E. Congleton, both of Seattle, Wash., for plaintiff James Henry Packing Co.

Venables, Graham & Howe, of Seattle, Wash., for complainant Fisher Flour Mills Co.

Shorts & Hartson, of Seattle, Wash., for complainants Centennial Flouring Mills Co. and Ritzville Flouring Mills.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., Owen P. Hughes, Asst. U. S. Atty., of Tacoma, Wash., and Thomas R. Winter, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., for defendant Vierhus.

CUSHMAN, District Judge (after stating the facts as above).

In Fisher Flouring Mills Co. v. Vierhus, 78 F.(2d) 889, decided by the Circuit Court of Appeals for the Ninth Circuit on August 15, 1935, it was held that the allegation that the Agricultural Adjustment Act was unconstitutional did not remove the cases there involved from the purview of section 3224 of the Revised Statutes (title 26 USCA § 154), which section provides: "No suit for the

purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The court further held that no circumstances were shown removing those causes from the inhibition of section 3224.

Complainants in the present suits contend that the ruling in the foregoing decision should not control the determination of the present causes for the reason that further and other circumstances are now shown of such an exceptional nature as to require the granting of injunctive relief, despite the provisions of section 3224 (26 USCA § 154) and section 30 (a) of the Act of Aug. 24, 1935, 49 Stat. 770 (title 7, USCA § 623 (a). But one of these appears to require discussion.

The case of Fisher Flouring Mills v. Vierhus (C. C. A.) 78 F.(2d) 889, was decided on August 15, 1935. Upon August 24, 1935, the Agricultural Adjustment Act was amended (7 USCA § 602 et seq.). Included in such amendment were the following provisions:

"§ 623. *Actions relating to tax; legalization of prior taxes.*

"(a). Action to restrain collection of tax or obtain declaratory judgment forbidden.

"No suit, action, or proceeding (including probate, administration, receivership, and bankruptcy proceedings) shall be brought or maintained in any court if such suit, action, or proceeding is for the purpose or has the effect (1) of preventing or restraining the assessment or collection of any tax imposed or the amount of any penalty or interest accrued under this chapter on or after August 24, 1935, or (2) of obtaining a declaratory judgment under section 400 of Title 28 in connection with any such tax or such amount of any such interest or penalty. * * *

"(b). Taxes imposed prior to Aug. 24, 1935, legalized and ratified.

"The taxes imposed under this chapter, as determined, prescribed, proclaimed and made effective by the proclamations and certificates of the Secretary of Agriculture or of the President and by the regulations of the Secretary with the approval of the President prior to the date of the adoption of this amendment, are hereby legalized and ratified, and the assessment, levy, collection, and accrual of all such taxes (together with penalties and interest with respect thereto) prior to said date are hereby legalized and ratified and confirmed as fully to all intents and purposes as if each such tax had been made effective and the rate thereof fixed specifically by prior Act of Congress. All such taxes which have accrued and remain unpaid August 24, 1935, shall be assessed and collected pursuant to section 619 of this title, and to the provisions of law made applicable thereby. Nothing in this section shall be construed to import illegality to any act, determination, proclamation, certificate, or regulation of the Secretary of Agriculture or of the President done or made prior to August 24, 1935. * * *

"(d). Passing tax to vendee or others as barring recovery or refund; refunds in case tax held invalid; limitation of action; jurisdiction of District Courts.

"(1) *No recovery, recoupment, set-off, refund, or credit shall be made or allowed of, nor shall any counter claim be allowed for, any amount of any tax,* penalty, or interest which accrued before, on, or after August 24, 1935, under this chapter (including any overpayment of such tax), unless, after a claim has been duly filed, it shall be established, in addition to all other facts required to be established, to the satisfaction of the Commissioner of Internal Revenue, and the Commissioner shall find and declare of record, after due notice by the Commissioner to such claimant and opportunity for hearing, that neither the claimant nor any person directly or indirectly under his control or having control over him, has, directly or indirectly, included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee or to any other person in any manner, or included any part of such amount in the charge or fee for processing, and that the price paid by the claimant or such person was not reduced by any part of such amount. In any judicial proceeding relating to such claim, a transcript of the hearing before the Commissioner shall be duly certified and filed as the record in the case and shall be so considered by the court. The provisions of this subsection shall not ap-

ply to any refund or credit authorized by subsection (a) or (c) of section 615, section 616, or section 617 of this title, or to any refund or credit to the processor of any tax paid by him with respect to the provisions of section 1317 of Title 19. * * *

"(3) The District Courts of the United States shall have jurisdiction of cases to which this subsection applies, regardless of the amount in controversy, if such courts would have had jurisdiction of such cases but for limitations under the Judicial Code, as amended, on jurisdiction of such courts based upon the amount in controversy." Title 7 USCA § 623. (Italics supplied by the court.)

It is claimed that because of the vague and indefinite nature of section 623 (d) (1), 7 USCA, and because of the burden of proof therein imposed upon the taxpayer, complainants are deprived of an adequate and complete remedy at law.

█ The District Court is a court created and empowered by statute, with no authority from the Supreme Court—a constitutional court—other than that given by rules and orders.

It follows that Congress may take from the District Court any authority to issue an injunction unless the statute taking away such authority is, in effect, a means whereby property or other right is to be taken without due process of law, in violation of the Fifth Amendment.

Assuming that such effect would invalidate such enactment, it is necessary to consider the scope and meaning of section 623 (d) (1).

A person from whom such a tax has been wrongfully taken has two remedies. He may sue the United States or he may sue the collector. The present suits are against the collector.

At the time of the enactment of section 3224, Revised Statutes (title 26 USCA § 154), it was not generally recognized by courts that for taxes wrongfully collected by the collector and paid into the Treasury of the United States the taxpayer had a cause of action against the United States. The Tucker Act, giving the District Court jurisdiction to try suits upon claims limited in amount, was not passed until the year 1887 (24 Stat. 505). The Revised Statutes defining the jurisdiction of the Court of Claims (section 1059, Revised Statutes) provided:

"Sec. 1059. The Court of Claims shall have jurisdiction to hear and determine the following matters:

"First. All claims founded upon any law of Congress, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the Government of the United States, and all claims which may be referred to it by either House of Congress."

The later enactment (36 Stat. 1093) expressly excluded from the jurisdiction of the Court of Claims and the District Court any suits upon claims for damages sounding in tort, a general principle. which has long been recognized. Gibbons v. United States, 8 Wall. 269, 19 L. Ed. 453.

The overlapping resulting from a liberal construction of the provision in section 24 (20) of the Judicial Code, as amended (title 28, USCA § 41 (20), "founded upon any law of Congress" and that—in connection with still earlier decisions—concerning causes "sounding in tort," doubtless contributed to the delay in the recognition of the existence of a right of action against the United States.

Subsequent to the decision in United States v. Emery, 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825, section 24 of the Judicial Code was amended, in 1921 (42 Stat. 311, title 28 USCA § 41 (20), to provide: "§ 41, subd. (20). *Suits against United States.* Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress; * * * and of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced."

In the internal revenue statute of the same year (42 Stat. 315), the right of action against the United States was also recognized. .

The suit against the collector of internal revenue in such case is one given by the common law. United States v. Emery, 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825.

The Seventh Amendment provides:

"Amendment VII. In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

Subdivision 21 (d) (1) of the Agricultural Adjustment Act, 7 USCA § 623 (d), already quoted, clearly does not contemplate a jury trial. The following words of such subdivision were by the court italicized in the quotation already made: "No recovery, recoupment, set-off, refund, or credit shall be made or allowed of, nor shall any counter claim be allowed for, any amount."

These words are appropriate words to be used concerning suits by and against the United States, but are out of place when referring to a suit against the collector on account of the illegal collection of taxes.

■ Before a suit to recover from a sovereign can be maintained, the sovereign must consent. It follows that the sovereign may impose at will conditions in such suits and that for that reason subdivision (d) (1) is, in a suit against the United States, a valid ·enactment. United States v. Ferreira, 13 How. 40–47, 4 L. Ed. 42; Ex parte Bakelite Corporation, 279 U. S. 438–452, 49 S. Ct. 411, 73 L. Ed. 789.

■ "A statute must be construed, if fairly possible, so as to avoid, not only the conclusion that it is unconstitutional, but also grave doubts upon that score." Baender v. Barnett, 255 U. S. 224, 41 S. Ct. 271, 272, 65 L. Ed. 597.

■ Section 623 (d) (1), 7 USCA, to be valid, must be construed as applicable only in case of a suit against the United States. So construed, the right of complainants, after paying the taxes imposed, to sue the collector therefor is unimpaired by the amendment (since the decision in Fisher Flouring Mills Co. v. Vierhus, supra) of the Agricultural Adjustment Act.

■ It has also been contended that the processing taxes are not taxes and for that reason section 3224 of the Revised Statutes is inapplicable.

This contention loses sight of the fact that the precise question is not whether such an exaction is an excise or whether it is illegal because devoted to a purpose not public, in so far as the United States is concerned. Those àre questions proper when the constitutionality of the act imposing the processing taxes is considered, but not when the question for consideration concerns the existence of an adequate remedy at law.

The precise question is the meaning of the word "tax" in section 3224 of the Revised Statutes. That the processing taxes were "taxes" within the meaning of section 3224 of the Revised Statutes was recognized by the Court of Appeals in Fisher Flouring Mills Co. v. Vierhus, 78 F.(2d) 889. Since the amendment of August 24, 1935 (section 623 (a) and (b), 7 USCA, of this there can be no doubt.

■ Complaint ·is further made that there is no appropriation of funds by Congress now available or to be provided to be available, sufficient in amount to permit the refund to processors of processing taxes heretofore or hereafter paid under the Agricultural Adjustment Act, should the processing taxes be declared invalid.

Section 149 of title 26 USCA, provides:

"§ 149. *Refundments; taxes and penalties.* Except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in °any court, for any internal-revenue taxes collected by him, with the cost and expense of suit; also all damages and cost recovered against any assessor, assistant assessor, collector, deputy collector, agent, or inspector, in any

602

suit brought against him by reason of anything done in the due performance of his official duty, and shall make report to Congress, by internal-revenue districts and alphabetically arranged of all refunds in excess of $500, at the beginning of each regular session of Congress of all transactions under this section."

In view of the foregoing provision, any apprehension concerning the payment in full of judgments recovered by any of complainants against the collector would appear ill-founded.

Finding complainants' right to maintain a common-law action against the collector on account of the collection of illegal taxes an adequate and complete remedy at law, the injunctions and restraining orders asked will be denied.

Any orders embodying the foregoing ruling will be settled upon notice.

The clerk is directed to notify the attorneys for the parties in the above-entitled causes of the filing of this decision.