**ALBERS BROS. MILLING CO. v. VIERHUS,**
and six other cases.
Nos. 8015–8021.

Circuit Court of Appeals, Ninth Circuit.
Nov. 12, 1935.

K. I. Ghormley, of Seattle, Wash., for Albers Bros. Milling Co.

Almon Ray Smith and Charles E. Congieton, both of Seattle, Wash., for James Henry Packing Co.

Venables, Graham & Howe, of Seattle, Wash., for Fisher Flouring Mills Co.

Shorts & Harston, of Seattle, Wash., and Witherspoon, Yantes & Witherspoon, of Spokane, Wash., for Centennial Flour Mills Co. and Ritzville Flouring Mills.

Eggerman & Rosling, of Seattle, Wash., for Frye & Co.

Robbins & Rickles, of Seattle, Wash., for Acme Packing & Provision Co.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., for appellee.

DENMAN, Circuit Judge.

Not until just before coming on to the bench had I seen Judge Cushman's able opinion. Frye Co. v. Vierhus (D.C.) 12 F.Supp. 597. There has been no opportunity to make the research into the many authorities cited by him and by counsel on both sides. As suggested in my dissent in the first Fisher Flouring Cases, these authorities develop the discussion of the powers of Congress beyond prior presentations.

The collector, through the District Attorney representing him, very properly is advised that he cannot agree, for any length of time, to refrain from performing his duties under the statute. I am, therefore, concurring in ordering a restraint of the collection until this court decides finally upon the merits of the constitutional question whether it has the power to restrain. Otherwise the collection may prevent the consideration of the merits of the claim to injunctive relief.

One of the questions before us is whether a federal sovereignty, limited to certain delegated powers, can render itself immune from restraint in the exercise of powers not delegated? That is, in substance, can Congress in effect nullify the Constitution? Must the legislation be so construed?

Many implications arise from the separation of the executive, legislative, and judicial powers peculiar to the government of the United States. Hence another question, whether, when a sovereign of limited powers creates a federal court, whose function is to interpret a Constitution with powers paramount to its sovereignty, that Constitution does not give, of necessity, to the judicial arm full jurisdiction over constitutional questions, and this even though legislated into being by Congress? Can the court, the offspring of the Constitution, "the mother of all," be limited in its organic functions by the Congress whose legislation furnishes the fertilizing principle, or does partus sequitur ventrem?

It seems unwise to decide such questions in a perspiring race with the executive's collector. Hence, despite any tendency to a preconception and the many decisions on the limited powers of courts created by Congress, I have concurred in restraining him until these questions again receive deliberate consideration with reference to the far reaching and novel legislation of the Agricultural Adjustment Act (7 U.S.C.A. § 601 et seq.).