[Sac. No. 5528. In Bank. Jan. 22, 1943.]

GOLDEN STATE THEATRE AND REALTY CORPORATION (a Corporation), Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., Respondent.

494

L. S. Hamm, B. E. Kragen and John J. Hamlyn for Appellant.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and James E. Sabine and Valentine Brookes, Deputies Attorney General, for Respondent.

TRAYNOR, J.—The plaintiff, Golden State Theatre and Realty Corporation, during the year 1936 owned 50 per cent of the stock of East Bay Theatres, Inc., which in turn owned 100 per cent of the stock of Hayward Theatre, Inc., and 100 per cent of the stock of San Leandro Theatre, Inc. During that year plaintiff received dividends from East Bay Theatres, Inc., representing one-half of the dividends received by the latter from its two subsidiaries. Plaintiff did not include the dividends it received in its return under the Bank and Corporation Franchise Tax Act (Stats. 1929, ch. 13, p. 19, as amended, Deering's Gen. Laws, 1937, Act 8488) for the income year 1936, but paid under protest an additional tax, with interest, measured by the amount of such dividends. The present appeal is from a judgment denying plaintiff a refund of such tax and interest.

Plaintiff contends that the dividends are deductible from its gross income as "dividends received during the income year from a . . . corporation doing business in this State declared from income arising out of business done in this State . . . " (§ 8(h), Stats. 1935, ch. 281, p. 996.) Plaintiff maintains that the corporation declaring the dividends was doing business as defined in section 5 of the act, and was not a holding company within the meaning of section 4. When the tax was levied section 5 provided: "The term 'doing business' as herein used, means actively engaging in any transaction for the purpose of financial or pecuniary gain or profit." (Stats. 1935, ch. 275, p. 962.) Section 4 provided: "Any corporation organized to hold the stock or bonds of any other corporation or corporations, and not trading in

such stock or bonds or other securities held, and engaging in no other activities than the receipt and disbursement of dividends from such stock or interest from such bonds, shall not be considered a corporation doing business in this State for the purposes of this act.'' (Stats. 1935, ch. 275, p. 960.)

 Whether East Bay Theatres, Inc. was a holding company or was doing business in 1936 turns upon its activities during that year. The record discloses that East Bay Theatres, Inc., engaged in the following transactions in 1936: On January 20th its board of directors authorized the endorsement of a note of San Leandro Theatre, Inc. for $59,000. On May 12th the board of directors ratified the renting by its officers of certain theatre property to Hayward Theatre, Inc., for a monthly rental of $400. On August 3rd the board of directors authorized the purchase for $113,229 of certain theatre property, which Hayward Theatre, Inc., had previously leased from a third party for its theatre operations, and continued the lease to Hayward Theatre, Inc. The board of directors authorized the borrowing on August 6th of $84,000, and on September 30th of $32,000 for the completion of the purchase. Subsequent to the purchase and leasing of this property, East Bay Theatres, Inc., took actions, such as collecting rents, giving notices to quit, and arranging for improvements, as landlord for its principal tenant, Hayward Theatre, Inc., and for tenants who rented store space on the ground floor of the building.

The foregoing transactions make it clear that East Bay Theatre, Inc., was not a holding company in 1936. Section 4 of the act specifically limits holding companies to corporations that engage in ''no other activities'' than the receipt and disbursement of dividends from stock or interest from bonds. East Bay Theatres, Inc., engaged, as a holding company could not, in several other activities in 1936.

It is also clear that these transactions were entered into for pecuniary gain or profit, for they were designed to aid the subsidiaries of East Bay Theatres, Inc., and thus to increase the dividends that it would receive. Defendant contends that East Bay Theatres, Inc., was not ''actively'' engaged in any transaction for pecuniary gain or profit since its purpose was not to operate a business but merely to acquire property and derive income therefrom, and since none of the transactions occurred regularly. Such an interpretation of

"actively" would nullify the 1933 modification of the definition of doing business by reading into it the meaning given the term under the 1931 amendment defining it as "any transaction or transactions in the course of its business" by a domestic or foreign corporation. The doing of business, however, does not necessarily mean a regular course of business under the 1933 amendment, for by its plain terms a corporation is doing business if it actively engages in any transaction for pecuniary gain or profit. Defendant would identify "doing business" with "carrying on a trade or business." A series of transactions regularly engaged in may be necessary to establish the "carrying on of a trade or business" but the Legislature made it clear that it had no such concept in mind when it referred to transaction in the singular as "any transaction." The word "actively" must therefore be interpreted as the opposite of passively or inactively, and as used in section 5 it means active participation in any transaction for pecuniary gain or profit. Within this meaning East Bay Theatres, Inc., was doing business in 1936.

Defendant lays great stress on the case of *Union Oil Associates* v. *Johnson*, 2 Cal.2d 727 [42 P.2d 291], which held that under the Bank and Corporation Franchise Tax Act as amended in 1931 (Stats. 1931, ch. 1066, p. 2225) a corporation organized to hold the stock of another corporation and to distribute the dividends thereon to its own shareholders was a holding company and as such was not subject to the tax measured by net income. The court relied upon a number of decisions of the United States Supreme Court, referred to as the federal decisions, in which holding companies were held not to be doing business within the meaning of certain federal tax statutes. Following the decision in the lower court the Legislature amended the definition of doing business and added the provision that holding companies as therein defined should not be regarded as doing business. It was contended that since the 1933 amendment was deemed necessary to exempt holding companies, they must previously have been subject to the tax. The court rejected this contention, holding that the 1933 amendment was merely a clarification of existing legislation, and that "the corporations expressly declared not to be 'business corporations' in the amendment of 1933 to the Bank and Corporation Franchise Tax Act likewise would not be 'business corporations' under the federal

decisions but holding companies." It does not appear that the Union Oil Associates engaged in any activities other than those specified, and it would therefore have been regarded as a holding company under the amendment. It does not follow, however, that all corporations that would be regarded as holding companies under the federal decisions, and therefore under the state act before the amendment, would thereafter be regarded as holding companies under that act. To so hold would nullify the limitation in section 4 that the corporation engage in no other activities than those specified, for under the federal decisions a corporation could engage in other activities and still be regarded as not doing business. (*Von Baumbach* v. *Sargent Land Co.*, 242 U.S. 503 [37 S.Ct. 201, 61 L.Ed. 460] ; *McCoach* v. *Minehill & Schuylkill Haven R. R. Co.*, 228 U.S. 295 [33 S.Ct. 419, 57 L.Ed. 842] ; *United States* v. *Emery, Bird Thayer Realty Co.*, 237 U.S. 28 [35 S.Ct. 499, 59 L.Ed. 825] ; *Rose* v. *Nunnally Inv. Co.*, 22 F. 2d 102, cert. den. 276 U.S. 628 [48 S.Ct. 321, 72 L.Ed. 739] ; *Clallam Lumber Co.* v. *United States*, 34 F.2d 944.) The effect of the 1933 amendment was not to exempt holding companies for the first time but to limit the exemption to corporations of a more restricted class than those previously regarded as holding companies. This limitation definitely changed the previous legislation. The statements to the contrary in the opinion in the Union Oil Associates case were not necessary to the decision therein and are disapproved.

The only conclusion possible under the facts presented and the applicable provisions of the Bank and Corporation Franchise Tax Act is that in 1936 East Bay Theatres, Inc., was a corporation doing business in this state.

The judgment is reversed with directions to the trial court to enter judgment in favor of plaintiff for the tax refund as prayed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Spence, J. pro tem., concurred.