[L. A. No. 18356.   In Bank.   Jan. 29, 1943.]

CARSON ESTATE COMPANY (a Corporation), Appellant, v. CHAS. J. McCOLGAN, as Franchise Tax Commissioner, etc., et al., Respondents.

WATSON LAND COMPANY (a Corporation), Appellant, v. CHAS. J. McCOLGAN, as Franchise Tax Commissioner, etc., et al., Respondents.

Mackay, McGregor & Reynolds and George G. Witter for Appellants.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and Adrian A. Kragen, Deputy Attorney General, for Respondents.

TRAYNOR, J.—The actions in these cases, consolidated for trial, were brought to recover state franchise taxes measured by the net income of Carson Estate Company for the years 1932 to 1936 inclusive, and of Watson Land Company for the years 1933 to 1935 inclusive.   In each of these years the

plaintiffs received dividends from Francis Land Company, a California corporation, which they deducted from their gross income. The defendant disallowed the deduction on the ground that the Francis Land Company was not doing business in this state during the years in question and that the dividends were therefore not deductible under section 8(h) of the Bank and Corporation Franchise Tax Act (Stats. 1929, ch. 13, p. 19, as amended; Deering's Gen. Laws, 1937, Act 8488). Plaintiffs paid under protest the additional taxes, with interest, measured by the amount of such dividends, and now appeal from a judgment denying them a refund of such taxes and interest.

Plaintiffs offered no evidence with respect to the activities of Francis Land Company during the year 1932. The record reveals, however, that it entered into the following transactions during the years 1933 to 1936 inclusive: In 1933 it purchased $20,000 par value bonds for $16,643.88, and in 1934 sold $12,000 par value of these bonds for $16,678.88. At various times during 1935 it made eleven purchases and sales of corporation stock at profits ranging from $88.43 to $725.92, and one purchase and sale at a loss of $98.13. In 1936 it made two such transactions, one at a loss of $611.57, the other at a loss of $149.09. It is clear from the foregoing transactions that Francis Land Company was doing business during the years 1933 to 1936 inclusive, and that the dividends received during those years were deductible from plaintiffs' gross income. (*Golden State Theatre & Realty Corp.* v. *Johnson, ante,* p. 493 [133 P.2d 395].)

The judgment is affirmed as to the additional tax, with interest, measured by 1932 net income, and is reversed as to the additional tax, with interest, measured by net income of the years 1933 to 1936 inclusive, with directions to enter judgment in favor of plaintiffs for the tax refunds as prayed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.