# UNITED STATES *v.* EMERY, BIRD, THAYER REALTY COMPANY.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 117. Argued January 12, 13, 1915.—Decided April 5, 1915.

The District Court, sitting as a Court of Claims, under § 24 (20 subd.) has jurisdiction over claims against the United States for refunding taxes paid under the Corporation Tax law under duress and protest to the Collector and by him turned over to the United States.

The great act of justice embodied in the Court of Claims is not to be construed strictly and with an adverse eye.

A realty corporation simply collecting and distributing rent from a specified parcel of land is not doing business within the meaning of the Corporation Tax Law of 1909. *Zonne* v. *Minneapolis Syndicate,* 220 U. S. 170, followed; *Cedar St. Realty Co.* v. *Park Realty Co.,* 220 U. S. 107, distinguished.

THE facts, which involve the jurisdiction of the District Court sitting as a Court of Claims and also of the validity of a tax imposed under the Corporation Tax Law of 1909, are stated in the opinion.

*Mr. Solicitor General Davis,* with whom *Mr. Karl W. Kirchwey* was on the brief, for the United States:

The District Court was without jurisdiction of the suit.

The remedy, if any, is an action against the collector, expressly provided by statute. *Nichols* v. *United States,* 7 Wall. 122.

Where a revenue act expressly provides a particular remedy for the recovery of taxes illegally assessed and paid, such remedy is exclusive. *Arnson* v. *Murphy,* 109 U. S. 238, 243; *Cheatham* v. *United States,* 92 U. S. 85, 88; *Nichols* v. *United States, supra.*

Hence a suit against the United States does not lie.

The realty company was engaged in business within the meaning of the Corporation Tax Act of 1909. *Corporation Tax Cases*, 220 U. S. 107, 171.

In support of these contentions see cases *supra* and *Chesebrough* v. *United States*, 192 U. S. 253; *Christie-Street Co.* v. *United States*, 136 Fed. Rep. 326; *Philadelphia* v. *Collector*, 5 Wall. 720; *Collector* v. *Hubbard*, 12 Wall. 1; *Ferry* v. *United States*, 85 Fed. Rep. 550; *Dooley* v. *United States*, 182 U. S. 222; *Edison Electric Co.* v. *United States*, 38 Ct. Cl. 208; *Erskine* v. *Van Arsdale*, 15 Wall. 75; *McCoach* v. *Minehill R. R. Co.*, 228 U. S. 295; *Medbury* v. *United States*, 173 U. S. 492; *Reid* v. *United States*, 211 U. S. 529; *Spreckels Sugar Co.* v. *McClain*, 192 U. S. 397; *Sybrandt* v. *United States*, 19 Ct. Cl. 461; *United States* v. *Kaufman*, 96 U. S. 567; *United States* v. *Savings Bank*, 104 U. S. 728; *Zonne* v. *Minneapolis Syndicate*, 220 U. S. 187.

*Mr. Albert R. Strother*, with whom *Mr. James G. Smart* was on the brief, for defendant in error:

The District Court had jurisdiction. *Nichols* v. *United States*, 7 Wall. 122, distinguished.

The statute gives no special exclusive remedy.

The cases subsequent to the *Nichols Case* establish the proposition that the court had jurisdiction in this case.

The realty company was not liable to the tax. *The Corporation Tax Cases*, 220 U. S. 107; *The Zonne Case*, 220 U. S. 187; *The Minehill Case*, 228 U. S. 295.

In support of these contentions see cases cited *supra* and also *Campbell* v. *United States*, 107 U. S. 407; *Cary* v. *Curtis*, 3 How. 236; *Chesebrough* v. *United States*, 192 U. S. 253; *Christie-Street Co.* v. *United States*, 136 Fed. Rep. 326; *Corporation Tax Cases*, 220 U. S. 107; *Water Co.* v. *Defiance*, 191 U. S. 184; *Dooley* v. *United States*, 182 U. S. 222; *S. C.*, 183 U. S. 151; *Eliot* v. *Freeman*, 220 U. S.

178; *McCoach v. Minehill R. R. Co.*, 228 U. S. 295; *Minnesota v. Hitchcock*, 185 U. S. 373; *Nichols v. United States*, 7 Wall. 122; *Philadelphia v. Collector*, 5 Wall. 720; *Swift v. United States*, 105 U. S. 691; *S. C.*, 111 U. S. 22; *United States v. Am. Tobacco Co.*, 166 U. S. 468; *United States v Finch*, 206 Fed. Rep. 95; *United States v. Hyams*, 146 Fed. Rep. 15; *United States v. Kaufman*, 96 U. S. 567; *United States v. N. Y. & Cuba S. S. Co.*, 200 U. S. 488; *United States v. Nipissing Mines Co.*, 206 Fed. Rep. 431; *United States v. Savings Bank*, 104 U. S. 728; *Zonne v. Minneapolis Syndicate*, 220 U. S. 187.

*Mr. Everett P. Wheeler* filed a brief as *amicus curiæ*.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit under the Judicial Code of March 3, 1911, c. 231, § 24, par. 20, 36 Stat. 1087, 1093, formerly the Tucker Act of March 3, 1887, c. 359, §§ 1, 2, 24 Stat. 505, to recover the amount of taxes paid under protest. It presents two questions: Whether the District Court sitting as a Court of Claims had jurisdiction of this case; and whether the claimant, the defendant in error, was 'engaged in business' or 'doing business' within the meaning of the Corporation Tax Law of August 5, 1909, c. 6, § 38, 36 Stat. 11, 112. The District Court asserted its jurisdiction and gave judgment for the claimant. 198 Fed. Rep. 242.

The facts do not need lengthy statement. The Emery, Bird, Thayer Dry Goods Company, a business corporation of Kansas City, Missouri, occupied certain lands, partly hired and partly owned by it, for the purposes of its business. Eighteen months before the passage of the Corporation Tax Law its members decided that the claimant should be organized, and it was, for the purpose of acquiring the Dry Goods Company's lands and of letting the same to the Dry Goods Company, the latter having

the management of the property and assuming the responsibilities in respect of it. The only business done by the claimant was to keep up its corporate organization and to collect and distribute the rent received from its single lessee; and the Court found as a fact that it was not doing business within the statute, subject, of course, to the question whether the activities stated constituted such doing business as matter of law. The chartered powers of the claimant included performing and enforcing the performance of the respective covenants in the leases taken over and the sale of the property or any part of it upon the vote of not less than two-thirds of the stockholders, who were very nearly the same as those of the Dry Goods Company. It also covenanted to rebuild in case the buildings were destroyed. But there has been no occasion to perform any of these undertakings.—The taxes in question were paid under duress and protest, and were turned over by the Collector to the United States, which still retains them. A claim to have the taxes refunded was submitted in due form to the Collector of Internal Revenue, but repayment was denied.

The objection to the jurisdiction pressed by the Government is that the only remedy is a suit against the Collector. As the United States has received and keeps the money and would indemnify the Collector if he had to pay, Rev. Stat. 3220, the least that can be said is that it would be adding a fifth wheel to the coach to require a circuitous process to satisfy just claims. It is true that this tax law provides that 'all laws relating to the collection, remission, and refund of internal revenue taxes, so far as applicable' &c., are extended to this tax, c. 61, § 38, 36 Stat. 11, 117, but that is far from the case of a statute creating a new right and a special remedy to enforce it in such form as to make that remedy exclusive. The right to sue the Collector for an unjustified collection was given by the common law.—The jurisdiction over suits against the United

States under § 24, Twentieth, of the Judicial Code, extends to 'all claims not exceeding ten thousand dollars founded upon the Constitution of the United States or any law of Congress.' However gradually the result may have been approached in the earlier cases it now has become accepted law that claims like the present are 'founded upon' the revenue law. The argument that there is a distinction between claims 'arising under' (Judicial Code, § 24, First) and those 'founded upon' (*id.*, § 24, Twentieth), a law of the United States, rests on the inadmissible premise that the great act of justice embodied in the jurisdiction of the Court of Claims is to be construed strictly and read with an adverse eye. *Dooley* v. *United States*, 182 U. S. 222, 228. *United States* v. *Hvoslef*, March 22, 1915, *ante*, p. 1. Jurisdiction was taken for granted in *United States* v. *N. Y. & Cuba S. S. Co.*, 200 U. S. 488, and was upheld in *Christie-Street Commission Co.* v. *United States*, 136 Fed. Rep. 326. *United States* v. *Hyams*, 146 Fed. Rep. 15, 18. *United States* v. *Finch*, 201 Fed. Rep. 95, 97.

Being of opinion that the District Court had jurisdiction we pass to the merits. They also may be disposed of without much discussion. The line lies between *Cedar Street Co.* v. *Park Realty Co.*, 220 U. S. 107, 170, and *Zonne* v. *Minneapolis Syndicate*, 220 U. S. 187; the latter case being carried perhaps a little farther by *McCoach* v. *Minehill Railway*, 228 U. S. 295. We are of opinion that this case is governed by the last two and that the decision was right. The question is rather what the corporation is doing than what it could do, 228 U. S. 305, 306, but looking even to its powers they are limited very nearly to the necessary incidents of holding a specific tract of land. The possible sale of the whole would be merely the winding up of the corporation. That of a part would signify that the Dry Goods Company did not need it. The claimants' characteristic charter function and the only one that it was carrying on was the bare receipt and distribution to its stockholders

of rent from a specified parcel of land. Unless its bare
existence as an intermediary was doing business, it is hard
to imagine how it could be less engaged.

*Judgment affirmed.*

Mr. Justice McReynolds took no part in the consideration or decision of this case.