FROTHINGHAM BUILDINGS *vs.* COMMONWEALTH.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk.    March 11, 1924. — May 23, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Tax,* Excise on domestic corporation.   *Words,* " Carrying on or doing . . . business," " Doing business for profit."

A corporation, incorporated under the laws of this Commonwealth " for the purpose of holding, managing, improving and leasing " certain real estate on Washington Street, Boston, " and of performing all other legal acts which may be necessary for accomplishing such objects," acquired title to the land and building in question and leased the premises to another corporation which continuously occupied the real estate under the terms and conditions of the lease and extensions thereof, by which the lessor was required to make all necessary outside repairs of the building, except window glass but including skylights in the roof, and no alterations and additions might be made without the prior consent in writing of the lessor.   In addition to the real estate, the Massachusetts corporation's assets consisted of cash and invested securities, and its activities were handling the receipts and disbursements, as shown in certain schedules;  the purchase and sale of said securities;  making and approving repairs under the provisions of the lease;  negotiating insurance on the property;  payment of dividends, taxes, interest on mortgages, salaries of officers and insurance premiums;  holding meetings of directors and stockholders;  negotiating three temporary loans;  and prosecuting a claim against the city of Boston for damages to its property.   *Held,* that the activities thus described constituted a " carrying on or doing . . . business " or " doing business for profit " within the meaning of Sts. 1919, c. 355;  1920, cc. 550, 600, and G. L. c. 63.

PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk, the first two on March 22, 1921, and the third on April 12, 1922, to recover $2,443.17, excise tax for the year 1920, $699.53, special tax for the year 1920, and $2,252.90, excise tax for the year 1921, paid by the petitioner under protest and alleged to have been illegally exacted.

The facts were agreed upon.    Material facts are described in the opinion.    The petitions were heard by *Braley,* J., and by his order were dismissed.    The petitioners appealed.

*F. T. Field,* (*E. B. Horn* with him,) for the petitioner.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

DECOURCY, J.    The petitioner, a domestic corporation organized under St. 1889, c. 171, seeks to recover excise taxes assessed for the years 1920 and 1921, under St. 1919, c. 355, St. 1920 cc. 550 and 600, and G. L. c. 63, § 79.    The controlling question is, whether it was " carrying on or doing . . . business " or " doing business for profit " within the meaning of those statutes.    It was incorporated " for the purpose of holding, managing, improving and leasing " certain real estate on Washington Street, Boston, " and of performing all other legal acts which may be necessary for accomplishing such objects."    It forthwith acquired title to the land and building; leased the premises to R. H. White, and later to the R. H. White Company; and the latter has since occupied all the petitioner's real estate under the original lease and extensions thereof.    By the terms of the lease the lessor is required to make all necessary outside repairs of the building, except window glass, but including skylights in the roof; and no alterations or additions may be made without the prior written consent of the lessor.

In addition to this real estate, the petitioner's assets consisted of cash and invested securities, as set out in the agreed facts.    During the period in question, its principal activities have been: handling the receipts and disbursements, as shown in certain schedules; the purchase and sale of said securities; making and approving repairs under the provisions of the lease; negotiating insurance on the property; payment of dividends, taxes, interest on mortgages, salaries

of officers and insurance premiums; holding meetings of directors and stockholders; negotiating three temporary loans; and prosecuting a claim against the city of Boston for damages to its property.

We are of opinion that the performance of these activities constituted a doing of business, within the meaning of that word as used in the tax statutes. In fact these were the very functions for which the petitioner was organized. *Copper Range Co.* v. *Commonwealth,* 218 Mass. 558, 576. *Attorney General* v. *Boston & Albany Railroad,* 233 Mass. 460, 462. *Judson Freight Forwarding Co.* v. *Commonwealth,* 242 Mass. 47, 55, 56. In the Copper Range case, the plaintiff was organized as a holding company; and its activities consisted substantially in receiving income from securities, and paying salaries and dividends; but this court held that it was doing business in this Commonwealth. For cases arising under tax laws of the United States, in which words similar to those in the statute under consideration are given a like interpretation, see *Flint* v. *Stone Tracy Co.* 220 U. S. 107, 171, *Von Baumbach* v. *Sargent Land Co.* 242 U. S. 503. See also *Hecht* v. *Malley,* 265 U. S. 144.

The petitioner relies mainly upon the case of *Attorney General* v. *Boston & Albany Railroad,* 233 Mass. 460. The defendant in that case had leased its entire property to the New York Central Railroad for ninety-nine years, with legislative permission. The basis of the decision appears in the statement (page 465): " When a corporation established for the operation of a railroad is permitted by the sovereign power to retire utterly from that business, to become wholly inactive respecting it, and to be simply the quiescent recipient of a fixed income from a single permanent investment, it is difficult to say with due regard to the meaning of words that such a corporation is conducting business for profit . . . It exercises none of the distinctive functions of a railroad corporation. Its corporate energy is reduced below the point of conducting business for profit." In distinguishing the case from the Copper Range case, *supra,* the court said (page 466): " Manifestly the doing of the precise thing for which a business corporation is chartered is doing busi-

ness." Similar cases, arising under the federal tax statutes, where a corporation organized for business purposes has so limited its activity, — frequently through a lease of all its property, — as to be deemed no longer carrying on business, are *McCoach* v. *Minehill & Schuylkill Haven Railroad,* 228 U. S. 295, *Zonne* v. *Minneapolis Syndicate,* 220 U. S. 187, *Cambria Steel Co.* v. *McCoach,* 225 Fed. Rep. 278. It is to be noted that in the Zonne case the court said (page 190): "The corporation involved in the present case, as originally organized and owning and renting an office building, was doing business within the meaning of the statute as we have construed it." In *United States* v. *Emery, Bird, Thayer Realty Co.* 237 U. S. 28, the court below had found as a fact that the corporation was not doing business; and it was held to be governed by the McCoach and Zonne cases, rather than by *Flint* v. *Stone Tracy Co. supra.* In the later case of *Von Baumbach* v. *Sargent Land Co.* 242 U. S. 503, 516, after reference to that and other decisions, it was said by the court: "It is evident, from what this court has said in dealing with the former cases, that the decision in each instance must depend upon the particular facts before the court. The fair test to be derived from a consideration of all of them is between a corporation which has reduced its activities to the owning and holding of property and the distribution of its avails and doing only the acts necessary to continue that status, and one which is still active and is maintaining its organization for the purpose of continued efforts in the pursuit of profit and gain and such activities as are essential to those purposes."

On the facts disclosed by this record, we are of opinion that during the period in question the petitioner was doing business within the meaning of the statutes, and that the petitions for the recovery of the excise taxes were rightly dismissed. In each case let the entry be

*Decree affirmed with costs.*