### EATON, Collector of Internal Revenue, v. PHŒNIX SECURITIES CO.

Circuit Court of Appeals, Second Circuit.
November 14, 1927.

No. 51.

Internal revenue ⊛⇒9(26)—Corporation holding stock for another corporation held not "engaged in business," rendering it subject to capital stock tax (Revenue Act 1918, § 1000, subd. [c], being Comp. St. § 5980n).

Corporation organized for sole purpose of holding shares for another corporation, and having no independent office, rent, or salaries,

22 F.(2d)—32

although its holdings were increased either by purchase or increases in capital stock, *held* not "engaged in business," within Revenue Act 1918, § 1000, subd. (c), being Comp. St. § 5980n, rendering it subject to capital stock tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Engage.]

In Error to the District Court of the United States for the District of Connecticut.

Action for recovery of taxes by the Phœnix Securities Company against Robert O. Eaton, Collector of Internal Revenue, District of Connecticut. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff was a corporation organized under the laws of Connecticut, against which a capital stock tax had been assessed for the two fiscal years, July 1, 1921, to June 30, 1922, and July 1, 1922, to June 30, 1923. Having paid under protest the taxes levied on these assessments, it brought suit to recover the payments, on the theory that it had not been "engaged in business," within the meaning of the statute.

The facts in this regard, as stipulated, were as follows: The Phœnix Insurance Company, a Connecticut corporation engaged in the business of underwriting fire losses, became the owner of the shares of certain other insurance companies, over which it thus got control. Being forbidden in some states to carry these shares as part of its assets, it organized the plaintiff in 1913, for the sole purpose of holding them, itself receiving in exchange all the plaintiff's shares, except enough to qualify directors. The plaintiff had no independent office, paid no rent and no salaries, and all its officers and directors except one were officers and directors of the Phœnix Insurance Company. During the first year it held shares in three subsidiary companies, in which its holdings were increased either by purchase or by increases in the capital stock. During the second year its holdings in these three were further increased, and it acquired shares in a fourth subsidiary. Its practice was to pick up shares as they came upon the market, but it sold none, though authorized by its charter so to do. Before either of the years in question it had invested a small surplus of its funds in 100 shares of a company, not a subsidiary, whose character did not appear. This was all its actual business, except that it received the dividends declared upon the shares it owned, declared its own dividends out of the proceeds, and kept a trifling bank deposit.

The District Judge decided that it "was not engaged in business," under subdivision (c) of section 1000 of the Revenue Act of 1918 (Comp. St. § 5980n) and gave judgment in its favor.

John Buckley, U. S. Atty., of Hartford, Conn., and Alexander W. Gregg and L. H. Baylies, both of Washington, D. C., for plaintiff in error.

Edward M. Day and Allan K. Smith, both of Hartford, Conn., for defendant in error.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. We do not think that anything will be gained by an extended discussion of the decisions on this tangled subject. Edwards v. Chile Copper Co., 270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678, recognized the continued authority of McCoach v. Minehill R. R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842, and U. S. v. Emery-Bird-Thayer Realty Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825, to which we may add Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 S. Ct. 361, 55 L. Ed. 428. We cannot believe that it makes any difference whether the property held be corporate shares or realty, or whether the income be dividends or rent. Had it not been for the new accessions, the plaintiff would have been as bare a holding company as could be contrived. We do not believe that such a company is "engaged in business" during the year when it first receives its property and never thereafter. The venture is single, though at the outset it may show more activity; if there is business then, there is the same business always. Therefore we think that it made no difference that property continued to drop into the corporate lap from time to time, even though that were due to its own action. The alternatives were not business or death; a minimum of activity is necessary to the persistence of even the lowest organisms. Edwards v. Chile Copper Co., supra, is so plainly different on the facts that we may pass it. Phillips v. International Salt Co., 274 U. S. ——, 47 S. Ct. 589, 71 L. Ed. ——, is indeed closer, and may perhaps be the forerunner of a stricter rule. However, the holding company there actually aided in financing the operating company, as well as borrowed money from it. Whether these turned the scale, or the transactions in its bonds, or both together, we cannot tell. So far as we can see, it had no effect upon the cases on which we rely.

Judgment affirmed.