HARRISON, Comptroller-general, *v.* FORSYTH HUNTER COMPANY.

GILBERT, J. A corporation chartered by a superior court of this State for the purpose "of pecuniary gain," which owns one piece of real estate, and which does nothing but collect and distribute among its shareholders the rent received (for such property) from another corporation is not "doing business" within the meaning of section 1 of the Act approved August 29, 1929 (Ga. Laws 1929, p. 85). The court therefore did not err in granting injunction. United States *v.* Emery-Bird-Thayer Realty Co., 237 U. S. 28 (35 Sup. Ct. 499, 59 L. ed. 825); Mc-Coach *v.* Minehill &c. R. Co., 228 U. S. 295 (33 Sup. Ct. 419, 57 L. ed. 842); Zonne *v.* Minneapolis Syndicate, 220 U. S. 187 (31 Sup. Ct. 361, 55 L. ed. 428); People ex. rel. Lehigh &c. R. Co. *v.* Sohmer, 217 N. Y. 443 (112 N. E. 181). The case of Edwards *v.* Chile Copper Co., 270 U. S. 452 (46 Sup. Ct. 345), cited by plaintiff in error, is not to the contrary. Its ruling is based upon different facts. Harmar Coal Co. *v.*

Heiner, 34 Fed. (2d) 725, also cited by plaintiff in error, does not conflict and is also based upon different facts, and it also acknowledges the rule stated in the Emery case supra.

*Judgment affirmed. All the Justices concur.*

No. 7720. JUNE 16, 1930.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Troutman & Troutman, and Robert S. Sams,* for plaintiff in error.

*Morris Brandon Jr.,* contra.