### AMBERGRIS CONSOL. MINING. CO. v. UNITED STATES.

No. 1401.

District Court, D. Idaho, N. D.

June 13, 1939.

John H. Wourms and Paul B. Jessup, both of Wallace, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin, and Paul Boyd, Asst. U. S. Dist. Attys., all of Boise, Idaho, for the United States.

CAVANAH, District Judge.

The plaintiff, a mining company, seeks a recovery of back capital stock taxes paid under protest for the years 1934, 1935 and 1936. The controverted question is whether under the particular facts here, the activities engaged in by plaintiff constituted "carrying on or engaging in business" within the scope of the Revenue Act of 1934, and amendment of 1936 (49 Stat. 1733), which provides:

"(a) For each year ending June 30, beginning with the year ending June 30, 1934, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock."

"(c) The taxes imposed by this section shall not apply * * * (3) to any domestic corporation in respect to the year ending June 30, 1934, if it did not carry on or do business during a part of the period from the date of the enactment of this Act [May 10, 1934] to June 30, 1934, both

dates inclusive." Section 701, 26 U.S.C.A. § 1358(a, c).

And the amended Act of 1936, which provides: "For each year ending June 30, beginning with the year ending June 30, 1934, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock."

As to what is deemed to constitute the carrying on or doing business under the Act, the Commissioner of Internal Revenue in regulations adopted, defined it to be: "Art. 32. Application of the tax—The words 'carrying on or doing business' must be given their ordinary and natural significance. 'Business' is a very comprehensive term and embraces whatever occupies the time, attention, or labor of men for the purpose of livelihood or profit. In other words, business necessarily involves the idea of the pursuit of gain. If a corporation was organized for profit and is doing what it was principally organized to do in order to realize profit, it is doing business. * * *"

Article 43 of the regulations provides for the exceptions to doing business: "* * (2) the distribution of the avails of property and the doing only of such acts as may be necessary for the maintenance of its corporate status in the case in which the corporation either was organized for, or has reduced its activities to, the mere owning and holding of specific property."

The material facts are not disputed as it appears that the plaintiff, an Idaho corporation, was organized for the purpose of engaging in the mining business and acquired a group of mining claims situated in Shoshone County, Idaho. The activities it engaged in during the taxable years ending June 30, 1934 and 1935, were that it owned ten unpatented mining claims upon which the expenditures were made for assessment work required by law, and that for the years ending June 30, 1935 and 1936 it made certain expenditures in connection with an application for patent upon 9 of the claims; it received each year $900 as interest upon its investment in the form of time certificates of deposit, and during the taxable year ending June 30, 1934, it received $84.57 as royalty from the proceeds of ore sold during that time from lessors, mined by them prior to June 30, 1934, and stored on the claims waiting the benefit of

a higher metal price, and was sold on behalf of the lessors in plaintiff's name, in accordance with the terms of the lease, the proceeds of which were remitted to the lessors, less plaintiff's royalty and certain minor expenses incurred in transporting the ore under the lease from the property. In 1929 a contract to be performed within three years was made for the benefit of several mining companies in the District, for a geological survey and the services thereunder were performed prior to July 31, 1933, and $75.62 was paid by the plaintiff during the taxable year ending June 30, 1934 as its pro-rata share of the cost of the survey, an antecedent obligation.

■ Of course, it is clear from the Act and regulations that the capital stock tax provided for is only on the carrying on or engaging in doing business in a corporate capacity as authorized, and the decision in each instance must depend on its particular facts, United Mercury Mines Company v. Viley, D.C., 20 F.Supp. 734.

■ The plaintiff was doing nothing with the claims in the way of operation as it only had performed the annual assessment work required by law in order to prevent a forfeiture of them, and the payment of the necessary expenses incurred in securing a patent and the receiving of a small amount of $84.57 collected as a royalty due it under the lease executed prior to the taxable years, and the transporting of loose ore from the mine, which had been, prior, mined by the lessors, and receiving its royalty and interest on prior investment, on its deposit in the bank. These instances do not constitute the carrying on and engaging in business as they relate to nothing more than collecting interest on prior investment, collecting royalty from ore already mined, and transported by it, in order to collect its portion, and the performance of the annual assessment work and the securing of the patents.

The mere collecting and distribution of the avails of property and doing acts as may be necessary for the maintenance of its corporate status and holding specific properties are the exceptions to doing business.

■ The performance of the annual assessment work and the applying for patent only secure the plaintiff's right to protect the claims against any possible adverse claims and avoid the necessity of performing the yearly expenditures in the doing of representation work. It will be found

from the authorities that the principle is recognized that the maintenance by the Company of its corporate organization and the collection and distribution of rent or an interest provided for in leases or amounts from investment does not constitute carrying on or doing business, United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825.

While the facts of the case of the United Mercury Mines v. Viley, supra, are not parallel with the present case, yet the Court considered the law and called attention to the scope of the Act in the authorities there cited, which is helpful when considering the facts here.

The undisputed facts thus stated failing to show that the plaintiff was "carrying on or engaged in business" during the three taxable years in question, the taxes under consideration were unlawfully imposed and the plaintiff is entitled to judgment for the amount prayed for in its complaint.