37298. ATLANTA LABOR TEMPLE ASSOCIATION, INC. *v.* WILLIAMS, Commissioner, *et al.*

TOWNSEND, Judge. 1. This case was transferred to this Court from the Supreme Court (214 *Ga.* 263, 104 S. E. 2d 449), as being an action at law against the defendant Williams as State Revenue Commissioner to recover a stated amount of money which it had allegedly paid as a corporation license tax for specified years, as to which the plaintiff Atlanta Labor Temple Association, Inc., contends it is not liable. Accordingly, the sole question for consideration is whether the plaintiff is such a corporation as to be liable for corporate license or occupation taxes under Code (Ann.) § 92-2401 assessed against "all corporations incorporated under the laws of Georgia, except those that are not organized for pecuniary gain or profit."

2. The stipulation of facts reveals that the Atlanta Labor Temple Association, Inc., is engaged in the business of owning and

operating a building which it maintains, operates, keeps in repair, rents to tenants, and the income from which it distributes among its shareholders, all of which are labor unions which are nontaxable and nonprofit organizations. The charter of the plaintiff corporation contains the following: "2. The objects of said association are pecuniary gain to the stockholders thereof—also, to advance their social, ethical and economical well-being and interests; and, generally, to promote the cause of Organized Labor. . . 5. The sole business of said association shall be to own and control said Labor Temple. . . If said association may so desire, a part of said building to be rented for store or commercial purposes." The plaintiff has never claimed any exemption from Federal or State income taxes on the ground of being a nonprofit corporation. Its sole position before this court is that the tax in question was illegally collected because, under the decision in *Harrison* v. *Forsyth-Hunter Co.*, 170 *Ga.* 640 (153 S. E. 758) it is not "doing business" so as to make it liable for a franchise tax under the act of 1929 (Ga. L. 1929, p. 85) in force at the time of the decision in the *Harrison* case, which imposed the tax upon "all corporations incorporated under the laws of Georgia and doing business therein, except those that are not organized for pecuniary gain or profit and those that neither charge nor contemplate charging the public for services rendered." The *Harrison* case was decided in 1930. In 1931, and in all subsequent amendments to the act (see Ga. L. 1931, Ex. Sess., p. 76; Ga. L. 1941, pp. 204, 205; Ga. L. 1951, pp. 157, 167; Ga. L. 1952, pp. 371, 372) the words "and those that neither charge nor contemplate charging the public for services rendered" have been deleted, leaving the tax one to be assessed against all Georgia corporations except "those not organized for pecuniary gain or profit." Since the plaintiff's charter conclusively shows that the corporation was organized for pecuniary gain, it follows that the plaintiff does not come within the sole remaining exception to the general law that all Georgia corporations are subject to the tax. The burden was upon the plaintiff to show that it comes within the class exempted, and this it has failed to do. The purpose for which the corporation was organized, and not the question of whether it does in fact make a profit, or does in fact seek to make a profit, must control.

The trial court did not err in entering up judgment in favor of the defendants.

*Judgment affirmed.  Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 18, 1958.

*J. Sidney Lanier, Henry T. Mathews,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General, Robert H. Walling,* contra.