**Mrs. Hilda CLARKE, Plaintiff,**

v.

**R. I. NIXON, District Director of Internal Revenue Service, and United States of America, Defendants.**

**Civ. A. No. 25281.**

United States District Court, E. D. Michigan, S. D.

Nov. 20, 1964.

Frederick Wm. Heath, Birmingham, Campbell, O'Brien & Heath, Detroit, Mich., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Lawrence Gubow, U. S. Atty., Lyle M. Turner, David A. Wilson, Jr., Steven K. Cochran, Attys., Dept. of Justice, Washington, D. C., for defendants.

## OPINION

THORNTON, District Judge.

This is a tax refund case in which the Court has before it two motions to dismiss. One is that of defendant United States of America to dismiss on the ground that "[t]his court lacks jurisdiction over the defendant, United States of America, because it has not consented to be sued jointly with a private litigant." The other is the motion of the defendant R. I. Nixon, District Director of Internal Revenue Service, to dismiss on the ground that "plaintiff has failed to join an indispensable party, namely, the estate of Ernest Clarke."

Defendant United States of America does not dispute the right of the taxpayer to proceed against the United States of America alone, or against the District Director alone. It is the position of defendant United States of America that plaintiff may not proceed against both in one action. Defendant United States of America has consented to be sued by virtue of 28 U.S.C.A. § 1346(a) (1), which reads as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

Defendant United States of America contends that since this section does not state that the United States may be sued jointly with another party, said language must be strictly construed and may not be enlarged to include a suit against the United States and a private party. Defendant United States of America relies upon United States of America v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) and Lazier v. United States, 77 F.Supp. 241 (D.N.Dak.) (1948) as authority for its position. Plaintiff contends that the *Sherwood* case is distinguishable and cites as supportive of its position the

case of Buckland v. United States and Frank W. Kramer, Collector of Internal Revenue for the District of Connecticut, 46–1 USTC § 9116 (1946). Defendant United States of America contends that *Buckland* is distinguishable from the instant case. We agree with defendant United States of America that *Lazier* supports its contention. The court there ordered dismissal allowing plaintiff 20 days within which to file an amended pleading in which an election would be made between the United States of America and the Collector, as defendant. The court relied upon the *Sherwood* case and also commented that, in a suit against defendant United States of America, plaintiff would not be entitled to a jury trial, whereas in one against the Collector he would. This latter situation does not seem to us to present any insurmountable problem. Where plaintiff demands a jury trial in such a situation, it would seem to be a simple matter to order an election. However, we are not confronted with this problem here. No jury trial has been demanded. We agree with plaintiff here that the *Buckland* case is authority for her position. We are unable to perceive the distinction between it and the instant case, as claimed by defendant United States of America. The decision in *Buckland* is short and we quote it here in its entirety:

"Memorandum of Decision on Motion to Dismiss

"SMITH, D. J.: This is a suit against the United States of America and the present Collector of Internal Revenue for this District for taxes alleged to have been erroneously collected. The defendants move to dismiss as to the Collector.

"The plaintiff claims two amounts: (1) from the United States (paid to a Collector now deceased), and (2) from the United States or, in the alternative, from the present Collector (paid to the present Collector).

"Both claims involve common questions of law and fact. Judicial economy will be served by trying both together.

"Here the United States has consented to be sued for both types of claim. Title 28 U.S.C.A. 41(20), and see United States v. Emery, Bird, Thayer Realty Company (1915), 237 U.S. 28. [35 S.Ct. 499, 59 L.Ed. 825]

"In the *Sherwood* case, the United States *had not consented to be sued for the determination of some of the issues involved under the applicable New York law.* United States v. Sherwood (1941), 312 U.S. 584. [61 S. Ct. 767, 85 L.Ed. 1058] It was, therefore, held that it had not consented to be joined in the suit against a claimed creditor.

"The Court here has jurisdiction of the claim against the collector under Title 28 U.S.C.A. 41(5).

"Lack of consent of the United States to joinder should not be held reason for dismissal where there is consent by the United States to be sued and where there appears no possible embarrassment to the United States from the joinder.

"The motion to dismiss is denied."

With respect to the *Sherwood* case, supra, we deem the facts there to be inapposite to the situation here presented. The court there said, "The Government, to protect its interests, must not only litigate the claim upon which it has consented to be sued, but must make certain that respondent's right, as against the judgment debtor, to maintain the suit is properly adjudicated." United States v. Sherwood, 312 U.S. 584, 591, 61 S.Ct. 767, 772, 85 L.Ed. 1058. In that case, the rights of the respondent, as against the judgment creditor, involved the application of New York state law.

As to the motion of defendant United States of America to dismiss for impermissible joinder, we will follow the decision reached in the *Buckland* case rather

than the decision reached in the *Lazier* case for the reasons stated in *Buckland*. In so doing, we think we are in accord with what appears to us to be implicit in the rationale of *Sherwood*.

 The defendant District Director moves to dismiss for failure of plaintiff to join the estate of Ernest Clarke. Plaintiff's complaint contains two counts. Count I seeks recovery of income tax deficiency assessments for the years 1956 and 1957. These related to joint income tax returns filed by plaintiff and her husband, now deceased. The moneys were collected by levy upon a National Bank of Detroit bank account, the total amount paid to United States of America being Twenty-four Thousand Eight Hundred and Eight and 42/100 Dollars ($24,808.42). The notice of levy was executed November 2, 1961. Plaintiff and her husband maintained a joint survivorship account in the National Bank of Detroit. Plaintiff's husband died November 2, 1961. The notice of levy was served upon the bank November 9, 1961 and the funds paid out by the bank December 22, 1961. The claims for refund filed by the Director were signed by plaintiff alone. Since the funds which plaintiff here seeks to recover were paid out of the sole account of plaintiff (it being sole by virtue of survivorship), we find it difficult to follow the reasoning of defendant United States of America that the estate of Ernest Clarke would be entitled to any recovery if, indeed, there is liability. It is difficult to follow the argument of defendant United States of America that, if plaintiff recover herein, the defendant United States of America might be subject to additional suit on the identical issue by the estate of Ernest Clarke. Would it not be a complete defense to such a suit that neither Ernest Clarke nor the estate of Ernest Clarke paid the funds sought to be recovered? We are unable to comprehend the apprehension of the defendant District Director concerning the possibility of double liability in connection with Count I of the complaint.

Count II of the complaint incorporates, by reference, all the allegations of Count I and adds thereto a claim for refund of Two Thousand Eighty-six and 74/100 Dollars ($2,086.74), based upon an overassessment shown in the tax return of plaintiff and her husband for the calendar year 1958. It appears that in February 1962 the District Director, by letter addressed to plaintiff and her deceased husband, advised her of such overassessment. It further appears that the payment, consisting of such overassessment, was made by both husband and wife. As to the refund sought in relation to the 1958 tax return, we agree with the position of the District Director that the estate of Ernest Clarke is an indispensable party.

An order, or orders, may be presented in accordance with the foregoing.