**Michael REIDELL, Arnie Link, James Eyles, and Glenn Richard, Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

No. 98–463C.

United States Court of Federal Claims.

June 16, 1999.

 sury check has already been issued to plaintiff for  this award.

Jon Buchholdt, Anchorage, Alaska, Counsel of Record for plaintiff.

Russell A. Shultis, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant, with whom were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Mark A. Melnick, Assistant Director. Clarence D. Long, III, and Steele Kenyon, Arlington, Virginia, of counsel.

## OPINION

DAMICH, Judge.

The four plaintiffs seek to enforce a ruling by the United States Department of Labor that ordered the Air Force to pay them back wages. The Defendant filed a single motion to dismiss, alternatively claiming, under R.C.F.C. 12(b)(1), that this court lacks jurisdiction to hear the Plaintiffs' case and claiming, under R.C.F.C. 12(b)(4), that the complaint fails to state a claim for relief. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## FACTS

In 1992, the Air Force agreed to a contract with Paramax Systems Corp. for the Unattended Radar Communications System in Alaska. The contracting officer determined, before awarding the contract, that the Davis–Bacon Act did not apply because the contract was a supply contract, not a construction contract.

In 1994, the plaintiffs' employer, General Communications, Inc., became a second tier subcontractor to Paramax, which was now named UniSys Corp. While the contract was being performed, Michael Reidell, an employee of General Communications and a plaintiff in this action, asked the Department of Labor to investigate whether the Davis–Bacon Act applied to the contract. The contract was completed in December 1994, before the Department of Labor concluded its review.

The Department of Labor determined that the Davis–Bacon Act applied to the contract. It stated:

> It is our understanding that the installation work in question was performed in 1994 and has been completed.…
>
> Since the installation work required by this contract constitutes a substantial and segregable amount of construction work, the Davis–Bacon prevailing wage requirements should be made applicable to the installation work in question. More specifically, performance of the work in question by employees of both Unisys and GCI should have been covered by the provisions of the Davis–Bacon Act and its implementing regulations, and *the laborers and mechanics involved in such work are due the prevailing wage rates* listed in the applicable Davis–Bacon wage determination.
>
> In accordance with section 1.6(f) of Regulations, 29 C.F.R. Part 1, please take appropriate action to amend the contract to include the Davis–Bacon stipulations and applicable Davis–Bacon wage determination in this contract.

Letter from Ethel P. Miller, Officer of Enforcement Policy, Department of Labor, attached as Exhibit 1 to the Complaint (hereinafter "DOL ruling") (Emphasis added). This ruling became final after the Air Force was defaulted for failing to prosecute an appeal.

Before instituting this proceeding in the Court of Federal Claims, the Plaintiffs filed a lawsuit in Alaska District Court and requested that the court issue a mandamus to compel the Air Force to comply with the ruling of the Department of Labor. The District Court granted the Defendants' Motion to Dismiss for lack of subject matter jurisdiction and ruled that the action was properly understood as seeking monetary damages of more than $10,000.00.[1] Therefore, according to the District Court, "the Court of Federal

---

1. The District Court opinion states that counsel for the Plaintiffs informed counsel for the Defendants that the value of lost wages is between $60,000 and $70,000.

Claims, not the district court, is the proper court; a monetary recovery, if otherwise lawful, is adequate, complete relief for the wrong plaintiffs assert." *Reidell v. Widnall,* No. A97–0326–CV (HRH), slip op. at 10 (D.Alaska Jan. 8, 1998).

The complaint asserts four counts. Count One alleges that the Air Force has failed to comply with the "Davis–Bacon Act and its underlying regulatory scheme." Count Two alleges a violation of the Administrative Procedure Act. Count Three alleges that by failing to comply with the Davis–Bacon Act and its underlying regulatory scheme, the Air Force "violated Federal Acquisition Regulations, to wit, 48 C.F.R. 22.403–4." Count Four alleges a violation of Procedural Due Process.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The motion to dismiss attacks the subject matter jurisdiction of this court with two arguments. First, the Davis–Bacon Act does not mandate the payment of money and/or there is no implied cause of action under the Davis–Bacon Act. Second, the Plaintiffs, who were employees of a second tier subcontractor, are not third-party beneficiaries of the contract between the contractor and the United States. Because of the resolution on the first issue, the Court does not reach the second issue.

### Jurisdiction of the Court of Federal Claims

■ The Tucker Act establishes the jurisdiction of this court. "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491. By judicial interpretation, however, the Constitutional provision, the Act of Congress or the regulation must mandate the payment of money. *United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 955, 47 L.Ed.2d 114 (1976). The Court of Claims has ruled that a provision of law is "money-mandating" if "the particular provision of law relied upon grants

the claimant, expressly or by *implication,* a right to be paid a certain sum." *Eastport Steamship Corp. v. United States,* 372 F.2d 1002, 1007, 178 Ct.Cl. 599 (1967) (Emphasis added).

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); accord *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). In rendering a decision, the court must presume that the undisputed factual allegations included in the complaint by a plaintiff are true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 746 (Fed.Cir.1988).

### Davis–Bacon Act

■ The Davis–Bacon Act, 40 U.S.C. § 276a et seq., requires that certain federal construction contracts contain a provision that laborers will be paid not less than the prevailing wages determined by the Department of Labor.

Defendant's first argument is that the Davis–Bacon Act does not mandate the payment of money and/or there is no implied cause of action under the Davis–Bacon Act. These arguments are treated as one argument in Defendant's briefs. It does not appear that the Davis–Bacon Act provides an implied cause of action against the federal government, under *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), and *Consolidated Edison Co. of New York v. O'Leary,* 117 F.3d 538 (Fed.Cir.1997). But in focusing on the statute itself, Defendant does not give sufficient weight to the DOL ruling, which not only directs the government to amend the contract to insert Davis–Bacon wage rates but also determines that the Plaintiffs "are due the prevailing wage rates."

Defendant's argument does not appreciate fully that the Plaintiffs are not relying on the text of the Davis–Bacon Act alone, but rather are seeking to enforce their rights under a

regulation as interpreted by the Department of Labor in its ruling. In simple terms, the Plaintiffs are asking this court to enforce a determination by a government agency that the United States owes money to the plaintiffs. This kind of claim is within the jurisdiction of this court.

29 C.F.R. § 1.6(f) explicitly states that contracts may be amended to provide for Davis–Bacon wage rates after they have been entered into and that the wage rate determination is retroactive:

> The [Department of Labor] Administrator may issue a wage determination after the contract award or after the beginning of construction if the [contracting] agency has failed to incorporate a wage determination in a contract required to contain prevailing wage rates determined in accordance with the Davis–Bacon Act.... *The [contracting] agency shall ... incorporate the valid wage determination retroactive to the beginning of construction* through supplemental agreement or through change order, provided that the contractor is compensated for any increase in wages resulting from such change.

29 C.F.R. § 1.6(f) (Emphasis added).

In interpreting this regulation,[2] the DOL issued a ruling stating that "performance of the work in question by employees of both Unisys and GCI should have been covered by the provisions of the Davis–Bacon Act and its implementing regulations," that "the laborers and mechanics involved in such work are due the prevailing wage rates listed in the applicable Davis–Bacon wage determination," and directing the Air Force "to amend the contract to include the Davis–Bacon stipulations and applicable Davis–Bacon wage determination in this contract."[3]

Noting that the DOL ruling states "the laborers and mechanics involved in such work *are due* the prevailing wage rates," the Department of Justice raises the question whether Section 1.6(f) requires the *United States* to pay the money. The Department of Justice points out that the ruling does not say "Air Force, pay the workers." The Defendant's argument, then, is that without an unambiguous order, the regulation does not direct the payment of money.

However, as emphasized above, the Court of Federal Claims has jurisdiction when a law, including a regulation, "expressly or by implication," requires the payment of money—an unambiguous order is not required. At a minimum, the regulation as interpreted by the DOL ruling implies that the United States should pay the money. The Tucker Act grants jurisdiction to this court to determine at trial which interpretation is correct. See, *Hamlet v. United States*, 873 F.2d 1414, 1417 (Fed.Cir.1989) (discussing jurisdiction of Court of Federal Claims to hear cases based on regulations), appeal after remand, 63 F.3d 1097, 1102–07 (Fed.Cir.1995) (affirming decision of trial court *after hearing* that regulations did not provide for jurisdiction).

The Department of Justice makes two other arguments that also do not defeat the jurisdiction of this court. In the first, it appears to argue that Davis–Bacon wage rates cannot apply to the contract unless they are *physically* incorporated in the contract.[4] This is not an argument that the

---

**2.** When the Department of Labor interprets its own regulations, the interpretation is entitled to substantial deference. *Bobo v. United States*, 37 Fed.Cl. 690, 695 (1997), citing *Rosete v. OPM*, 48 F.3d 514, 518–19 (Fed.Cir.1995) and *Wassenaar v. OPM*, 21 F.3d 1090, 1092 (Fed.Cir.1994).

**3.** DOL ruling, page 8.

**4.** In support of its position, the Defendant cited *Grade–Way Const. v. United States*, 7 Cl.Ct. 263, 271 (1985), for the first time during oral argument. The Defendant misunderstands *Grade–Way*. *Grade–Way* concerns whether a Davis–Bacon wage rate determination could be read into a bid (i.e., no physical incorporation) to render it responsive to a solicitation *not* whether a Davis–Bacon wage rate determination could be applied retroactively to a government contract that had already been awarded. *Grade–Way* specifically makes the distinction between changing a proposal in response to a solicitation for a contract and changing an existing contract:

> [T]he government could, by change order issued after contract award, require the contractor to pay the applicable and specified rates. This, of course, presupposes a valid contract award to a responsive bidder and cannot retrospectively render as responsive a non-responsive bid.

*Id.*, at 272.

The court did not require physical incorporation of wage rate determinations applied retro-

regulation as interpreted by the DOL ruling does not direct the payment of money by the United States to particular persons or entities, which is the relevant determination under the motion to dismiss.

Secondly, the Department of Justice argued for the first time at oral argument that the Department of Labor lacks the authority to amend the contract to include Davis–Bacon provisions. This is also not an argument that the regulation as interpreted by the DOL ruling does not direct the payment of money by the United States to particular persons or entities, which again is the relevant determination under the motion to dismiss. This court is not prepared to determine, on a motion to dismiss for lack of subject matter jurisdiction, the scope of the authority of the Department of Labor.[5]

Therefore, the Court rules that it has subject matter jurisdiction to hear the Plaintiffs'

claims.[6] The Court, next, turns to whether the Plaintiffs have stated a claim on which relief can be granted.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"A motion to dismiss under Rule 12(b)(4) for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy. . . . In reviewing the dismissal under Rule 12(b)(4), we are mindful that we must assume all well-pled factual allegations as true and make all reasonable inferences in favor of . . . the non-movant." *Perez v. United States*, 156 F.3d 1366, 1370 (Fed.Cir.1998). "Dismissal under Rule 12(b)(4) is appropriate only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim [that]

---

actively once the contract had been properly awarded, that is, awarded on a bid responsive to the solicitation. Indeed, the court argued that the fact that 29 C.F.R. § 1.6(f) allowed retroactive determination of wage rates and compensation after the contract had been awarded proved that wage rate changes in the solicitation had to be physically incorporated. It reasoned that if the government could read a term into a contract by deeming a bid to be responsive, then there would be no need for 29 C.F.R. § 1.6(f), which allows for compensation for retroactive application of wage rate determinations after contract award:

> 29 C.F.R. § 1.6(f) provides that if a solicitation is missing a wage determination or contains an erroneous determination, the resulting contract may be terminated and resolicited or the proper determination may be applied retroactively with a change order issued to compensate the contractor.

*Id.*, at 272.
In other words, the bid price could be deemed to include correct wage rates, so the contractor would not need compensation.

Furthermore, it cannot be ignored that the Davis–Bacon provisions are not physically in the contract because the Air Force has refused to comply with the DOL ruling. See, Complaint, Paragraph 10 (stating "the Air Force refuses to comply with the Department of Labor final ruling").

5. As the Court of Claims stated in *Ralston Steel Corp. v. United States*:

> If the plaintiff asserts that his claim "arises under" or is "founded" on federal legislation or *regulation* (see *United States v. Emery, Bird, Thayer Realty Co.*, 237 U.S. 28, 32, 35 S.Ct.

499, 59 L.Ed. 825 (1915)), "(t)o determine whether that claim is well founded," the court "must take jurisdiction, whether its ultimate resolution is to be in the affirmative or the negative." *Montana–Dakota Utilities Co. v. Northwestern Public Service Co.*, supra, 341 U.S. at 249, 71 S.Ct. at 694. It is "well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Bell v. Hood*, supra, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). *Ralston Steel Corp. v. United States*, 340 F.2d 663, 667, 169 Ct.Cl. 119 (1965) (Emphasis added.).

6. Given this ruling, the Court will not address the Defendant's alternate ground for arguing that the Court lacks subject matter jurisdiction. In its motion to dismiss, the Defendant also raised the issue of whether the Plaintiffs are third-party beneficiaries of a contract. There is no need to rule on this issue because the money mandating nature of 29 C.F.R. § 1.6(f) vests this court with subject matter jurisdiction regardless of whether the Plaintiffs are third-party beneficiaries. In addition, none of the causes of action allege a breach of contract. Thus, the Plaintiffs' status (or lack of status) as third-party beneficiaries is irrelevant.

would entitled him to relief.... Because granting such a motion summarily terminates the case on its merits, courts broadly construe the complaint, particularly in light of the liberal pleading requirements under the Federal Rules of Civil Procedure." (Citations omitted; internal quotation marks omitted.) *Ponder v. United States,* 117 F.3d 549, 552–53 (Fed.Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 1040, 140 L.Ed.2d 106 (1998).

As stated above, the complaint has four causes of action, each based on the theory that the United States has failed to comply with 29 C.F.R. § 1.6(f) and the Department of Labor's interpretation of that regulation. Count One alleges that the Air Force has failed to comply with "Davis–Bacon Act and its underlying regulatory scheme." Count Two alleges a violation of the Administrative Procedure Act. Count Three alleges that by failing to comply with the Davis–Bacon Act and its underlying regulatory scheme, the Air Force "violated Federal Acquisition Regulations, to wit, 48 C.F.R. 22.403–4." Count Four alleges a violation of Procedural Due Process.

## Count One

As explained in ruling on whether this court has subject matter jurisdiction, the regulatory scheme of the Davis–Bacon Act mandates the payment of money. Accordingly, Count One states a claim upon which relief may be granted. The motion to dismiss for failure to state a claim is denied on Count One.

## Count Two

■ "The APA entitles a person who is aggrieved by the action of a federal agency to bring suit against the United States in federal district court 'seeking relief other than money damages.' § 5 U.S.C. 702. This court's jurisdiction, in pertinent part, is limited to claims for monetary compensation. See *United States v. Testan,* 424 U.S. 392,

398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Hence, the APA may not form the basis for jurisdiction in the Court of Federal Claims. See *James v. Caldera,* 159 F.3d 573, 578 (Fed.Cir.1998); *Brazos Electric Power Cooperative, Inc. v. United States,* 144 F.3d 784, 786 (Fed.Cir.1998); *Hernandez v. United States,* 38 Fed.Cl. [532,] 537." *Faulkner v. United States,* 43 Fed.Cl. 54, 55 (1999).

Count Two seeks only a recovery of money damages, which is not authorized by the Administrative Procedure Act. Count Two fails to state a claim upon which relief may be granted. Accordingly, the motion to dismiss under 12(b)(4) is granted with respect to Count Two.

## Count Three

In Count Three, the Plaintiff cites to 48 C.F.R. 22.403–4, a regulation that tracks the Labor Department's authority to monitor compliance with the Davis–Bacon Act.[7]

■ The Court may award monetary relief based on the violation of this regulation. See, *Hamlet v. United States,* 63 F.3d 1097, 1102 (Fed.Cir.1995). Accordingly, the motion to dismiss under Rule 12(b)(4) is denied with respect to Count Three.

## Count Four

■ The procedural and substantive Due Process clauses of the Fifth Amendment are not money mandating. See, *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998). Accordingly, the Due Process clause cannot be the basis for which this Court can grant relief. The motion to dismiss under Rule 12(b)(4) is granted with respect to Count Four.

## CONCLUSION

Count Two and Count Four are dismissed from the lawsuit. The Plaintiffs shall file an amended complaint within two weeks of this

---

7. Federal Acquisition Regulation § 22.404–9 states:

"(a) If a contract is awarded without the required wage determination (i.e., incorporating no determination, [etc.]), the contracting officer shall initiate action to incorporate the required determination in the contract immediately upon discovery of the error.

(b) The contracting officer shall—
(1) Modify the contract to incorporate the required wage determination (retroactive to the date of award), and equitably adjust the contract price if appropriate."
48 FAR § 22.404–9.

order. A separate order to govern future proceedings will follow shortly.