NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
In this arena of varied Federal Circuit pronouncements on diverse facts, the court now carves an exception into the rule that damages due to breach of contract shall render the injured party monetarily whole. The rule, applicable to the government as to all contracting entities, is that when the non-breaching party is required to incur expenditures in order to mitigate the consequences of breach, the cost of those expenditures is compensable as damages. That cost of mitigation is not “interest on a claim,” but a component of damages. Thus the “no-interest rule” is inapplicable. I respectfully dissent from the portion of the court’s decision that denies recovery of such damages.
Discussion
Analytical care is required to avoid blurring the distinction between the cost of money expended to mitigate a breach and interest awarded on a judgment for damages. The “non-interest” statute is directed to interest on an adjudicated claim:
28 U.S.C. § 2516. Interest on claims and judgments
(a) Interest on a claim against the United States shall be allowed in a judgment of the United States Court of Federal Claims only under a contract or Act of Congress expressly providing for payment thereof.
This statute does not apply to the System Fuels situation. System Fuels incurred capital costs to construct an Independent Spent Fuel Storage Installation, a facility that was required to be constructed in view of the government’s partial breach of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste. “All capital raised by a corporation has a cost....” LaSalle Talman Bank, F.S.B. v. United States, 317 F.3d 1363, 1375 (Fed.Cir.2003). The Court of Federal Claims stated that the record establishes that System Fuels incurred $1,587,000 as cost of the capital expended to mitigate this breach.[1] This cost is not “[i]nterest on a claim ... in a judgment,” and denial of recovery of this cost contravenes the principle that “[t]he remedy for breach of contract is damages sufficient to place the injured party in as good a position as it would have been had the breaching party fully performed.” Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1373 (Fed.Cir.2005). System Fuels’ cost of the capital required to mitigate the government’s breach is substantive damages, not interest on a claim.
This distinction has long been recognized. In Library of Congress v. Shaw, 478 U.S. 310, 314, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), the Court explained that “interest is an element of damages separate from damages on the substantive claim.” In Shaw the Court denied the enlargement in Title VII attorney fees due to delay in payment of the fees; the Court did not state a rule about costs of capital. Precedent well illustrates that the “no-interest rule” is not a bar to substantive damages. E.g., Peona Tribe of Indians of *1315 Okl. v. United States, 390 U.S. 468, 471, 473, 88 S.Ct. 1137, 20 L.Ed.2d 39 (1968) (rejecting the government’s invocation of the no-interest rule, and holding the government liable “for its failure to invest the proceeds that would have been received had the United States not violated the treaty”); Larson v. United States, 274 F.3d 643, 646 (1st Cir.2001) (explaining that the award by the United States of investment proceeds on seized funds in United States v. Kingsley, 851 F.2d 16 (1st Cir.1988) was not an award of prejudgment interest because “the award was in the form of damages directly caused by” the government’s breach of a plea agreement).
Recognition that damages include the cost of the money expended in mitigation is exemplified in the FIRREA cases, e.g., Bluebonnet Sav. Bank, F.S.B. v. United States, 266 F.3d 1348, 1357 (Fed.Cir.2001) (“the increased financing costs” represented in the Economic Benefits Agreement are recoverable as damages); LaSalle Talman, 317 F.3d at 1374-75 (damages can include “the cost of capital”); Citizens Fed. Bank v. United States, 474 F.3d 1314, 1320 (Fed.Cir.2007) (damages include the “expenses it incurred in replacing its regulatory capital after FIRREA had precluded thrifts from using regulatory goodwill or subordinated debt as regulatory capital”). The analogy is apt, for here System Fuels expended capital to provide storage facilities after the government breached its contract to store the spent fuel.
“Government liability in contract is viewed as perhaps ‘the widest and most unequivocal waiver of federal immunity from suit.’ ” United States v. Mitchell, 463 U.S. 206, 215, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (quoting Developments in the Law — Remedies Against the United States and Its Officials, 70 Harv. L.Rev. 827, 876 (1957)); see United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 32, 35 S.Ct. 499, 59 L.Ed. 825 (1915) (the Tucker Act is a “great act of justice”).
Law and precedent establish government liability for the cost of mitigation, where government breach requires expenditures in mitigation. In Mobil Oil Exploration & Producing Se., Inc. v. United States, 530 U.S. 604, 607-08, 120 S.Ct. 2423, 147 L.Ed.2d 528 (2000) the Court reinforced that “[w]hen the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals,” quoting United States v. Winstar Corp., 518 U.S. 839, 895, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996) (plurality opinion). This court in Indiana Michigan applied “the general principle is that all losses, however described, are recoverable.” 422 F.3d at 1373 (quoting Restatement (Second) of Contracts § 347 cmt. c (1981)). The Restatement explains that “the injured party is entitled to recover for all loss actually suffered.... including] costs incurred in a reasonable effort, whether successful or not, to avoid loss.” § 347 cmt. c.
The government’s argument that recovery of mitigation costs is precluded by its reinterpreted “no-interest rule” is as inappropriate as it is incorrect, and should be rejected by the court, not adopted and enlarged. As stated in Indian Towing Co. v. United States, 350 U.S. 61, 69, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the court is not a “self-constituted guardian of the Treasury.” My colleagues err in holding that the cost of mitigation of governmental breach of contract cannot include the cost of the money expended in mitigation. I respectfully dissent.

. System Fuels, Inc. v. United States, 92 Fed. Cl. 101, 111 n. 6 (2010).